## M. RUMLEY CO. v. BLEDSOE *et al.*

No. 6712.   Opinion Filed February 29, 1916.

(155 Pac. 872.)

**CORPORATIONS—Execution—Process—Service on Corporation—Enforcement of Judgment—Injunction.** Service of summons on a corporation is limited to the class of officers and agents. specified in the statute.   But if service is actually made on the proper officer or agent of a corporation, and the return fails to show this fact, it may be amended, if challenged in the court issuing the summons, so as to make it speak the truth.   Or if it appears from the evidence, in an action to enjoin the enforcement of the judgment, that the service was actually good, but the return is incomplete, the return may, under such condition, be considered as amended, and the relief denied.   But where there is actually no service or summons upon any officer or agent of the corporation authorized by statute, and no appearance, the judgment is void, and under section 4881, Rev. Laws 1910, its enforcement may be enjoined.

(Syllabus by Brett, C.)

*Error from District Court, Mayes County;
Preston S. Davis, Judge.*

Action by the M. Rumley Company, a corporation, against I. P. Bledsoe and another.   Judgment for defendants, and plaintiff brings error.   Reversed.

*I. C. Duckworth* and *Ellis, Cook & Barnett,* for plaintiff in error.

*Jay Van Long, A. C. Brewster,* and *Forrester Brewster,* for defendants in error.

Opinion by BRETT, C.   This action was commenced in the district court of Mayes county, by the plaintiff in error as plaintiff, against the defendants in error as defendants, to enjoin the enforcement of a judgment obtained by the defendant Arterberry against the plaintiff, in the

court of defendant Bledsoe, a justice of the peace of that county. The injunction was asked on the ground that said judgment is void, basing the contention that it is void on the ground that the justice court was without jurisdiction to render said judgment. A trial was had to the court, and the relief prayed for denied, on the ground that plaintiff had a plain and adequate remedy at law, and therefore relief by injunction will not lie. And the plaintiff appeals to this court.

The facts are: That the plaintiff is a foreign corporation, and was sued in a justice of the peace court of Mayes county; summons issued, and the return, indorsed on the summons, is the following:

"I received this summons on the 13th day of December, 1913, at 3 o'clock p. m., and executed the same in my county by delivering a true copy of the within summons, with all the indorsements thereon, to A. M. Thomas, the agent for the M. Rumeley Company, on the 13th day of December, 1913.

"C. W. HOLT, *City Marshal.*"

No appearance was made, and judgment by default was rendered upon the answer day.

The first question to be determined is whether or not this judgment is void, or only voidable. For if it is void, section 4881, Rev. Laws 1910, specifically provides that "an injunction may be granted to enjoin the enforcement of a void judgment." If it was only voidable, however, a different rule would apply. The statute providing for service of summons on a corporation is section 4715, Rev. Laws 1910, and is as follows:

"A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer; or upon an agent

duly appointed to receive service of process; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

This statute plainly and specifically designates the officers and agents of a corporation upon whom service of summons may be had, and necessarily limits the officers and agents upon whom service may be had to those specified. If the Legislature had intended that service could be had upon any agent of a corporation, regardless of the character of his agency, then it certainly would not have specifically designated those enumerated in the above section. The return under consideration does not show that A. M. Thomas comes within the class of officers or agents designated by the statute, and therefore the service upon its face is void; but this return was amendable, and if Thomas had actually belonged to any one of the classes designated in section 4715, the return, if it had been challenged in the court from which the summons was issued, could have been amended so as to make it speak the truth. *Ozark Marble Co. v. Still*, 24 Okla. 559, 103 Pac. 586. And if such was the case, we could, under this proceeding, consider the amendment as made, and would unhesitatingly deny the relief prayed for. But the facts, as brought out by the evidence on the hearing in this case, show that Thomas was not a managing agent, but only a collecting agent, and did not, in any legitimate sense, belong to any of the classes specified in the statute upon whom service of summons may be had. It, therefore, necessarily follows that the judgment complained of was rendered without service of process; and it is the universal rule that a personal judgment, rendered against a party without service

of process upon him, or other sufficient legal notice to him, or an appearance·by him, is without jurisdiction and void. 23 Cyc. 684, and cases cited thereunder.

We are therefore forced to the conclusion that this judgment was void, and that the plaintiff, under the provisions of section 4881, Rev. Laws 1910, was entitled to the relief prayed for, and that the judgment of the trial court should be reversed.

By the Court: It is so ordered.