**SHAWNEE TECUMSEH TRACTION CO. v. WEBSTER.**

No.8666—Opinion Filed July 30, 1918.

(174 Pac. 266.)

(Syllabus.)

**1. Corporations—Process—Statute.**

Where the method of serving process upon a corporation is provided by statute, the method thus provided is exclusive and must be followed.

**2. Railroads—Process—Validity.**

A service of summons upon the superintendent of a railway company is not authorized by section 4719, Rev. Laws 1910; it not appearing that such superintendent was in charge of a depot or station of such railway company.

Error from Superior Court, Pottawatomie county; Leander G. Pitman, Judge.

Action by E. B. Webster against the Shawnee Tecumseh Traction Company. Judgment for plaintiff, motion for new trial overruled, and defendant brings error. Reversed, and cause remanded.

Abernathy & Howell, for plaintiff in error.

H. H. Smith and I. C. Saunders, for defendant in error.

HARDY, J. This was an action commenced in the superior court of Pottawa-

tomie county by defendant in error to recover damages for personal injuries alleged to have been caused by the negligence of the Shawnee Tecumseh Traction Company. Upon filing the petition summons was issued, which was later returned not served. Afterwards an alias summons was issued and returned after being served on O. H. Weddle, superintendent of the defendant. Special appearance and objection was filed against the alias summons and return thereof, which was overruled. Plaintiff recovered at the trial, and, after motion for new trial had been filed and overruled, the case was brought here by proceedings in error. The amended return on the summons is as follows:

"Received the within summons on the 18th day of May, 1915, at —— o'clock, —— M., and the defendant corporation, within named having failed to designate or appoint any person upon whom service of summons might be made, and not being able to find the president, chairman of board of directors, or trustees, or other chief officers, cashier, treasurer, secretary, clerk, managing agent, and local superintendent of repairs, freight agent, agent to sell tickets, or station keeper of said defendant in corporation in my county, I served the same on O. H. Weddle, superintendent of the Shawnee Tecumseh Traction Company on the 19th day of May, 1915, by delivering to him a true copy of said summons with all the indorsements thereon duly certified."

This return shows affirmatively that the sheriff could not find any of the persons named in the statute upon whom service of summons might be had, and therefore negatives the fact that the person upon whom service was had was any one of these persons, and the question to be determined is whether such service is valid. The persons upon whom summons against a corporation may be served are enumerated in section 4715, Rev. Laws of Oklahoma, which provides that if the chief officer cannot be found service may be had upon the cashier, secretary, clerk, or managing agent, and, if none of them can be found, by a copy left at the office or usual place of business of such corporation with the person having charge thereof. The statute does not provide that summons may be served upon the superintendent as appears from the return was done in this case: but, where service cannot be had upon any of the parties enumerated, the service must be by leaving a copy at the office or usual place of business of the corporation with the person having charge thereof. The return fails to show that such was done. The manner of service and the persons upon whom service

of summons may be had in action against railroad companies is set out in particularity in sections 4717 to 4719, both inclusive, Rev. Laws 1910; and by these sections every railroad and stage company resides in each county in which its line of railroad or stage route may run on which its business is transacted, on whom all process may be served, and, in the event such railroad or stage company fails to designate or appoint such person, it is provided that process may be served on any local superintendent of repairs, freight agent, agent to sell tickets, or station keeper of such company in such county, or that such process may be served by leaving a copy thereof, certified by the officer to whom the same is directed to be a true copy at any depot or station of such company in such county with the person in charge thereof or some one in the employ of such company.

The return affirmatively shows that service was not had upon any of the persons designated in these sections of the statute, and fails to show that it was left at any depot or station of defendant with the person in charge thereof or some person in the employ of such company.

The statute having pointed out the particular method of serving process, this method is exclusive and must be followed, and, not having been served upon any of the persons enumerated in the statute upon which service might be had, it must be held that the service is not good. Gulf Pipe Line Co. v. Vanderberg, 28 Okla. 637, 115 Pac. 782, 34 L. R. A. (N. S.) 661, Ann. Cas. 1912D, 407; Okla. Fire Ins. Co. v. Barber Asphalt Paving Co., 34 Okla. 149, 125 Pac. 734; Rumley Co. v. Bledsoe et al., 56 Okla. 180, 155 Pac. 872; St. L. & S. F. R. Co. v. Reed, 59 Okla. 95, 158 Pac. 399.

The failure of the officer to find any of the parties upon whom service might be had did not make service impossible, but in that contingency service must be had by leaving a copy at any depot or station of the defendant with the person having charge thereof or some person in the employ of the defendant, and if the superintendent upon whom service was in fact had was in charge of the depot or station at the time of service, this fact could easily have been shown by an amendment to the return.

No request to amend having been made, the court committed error in overruling the objections to the issuance and service of the summons, and, under the foregoing authorities, we must hold that the service was void.

and the judgment is therefore reversed and the cause remanded.

All the Justices concur.