## SOUTHWESTERN SURETY INS. CO. v. WALSER et al.

No. 9633—Opinion Filed March 2, 1920.

(Syllabus by the Court.)

**1. Corporations—Defective Process—Validity of Judgment.**

A personal judgment rendered against a corporation without service of process upon it, or other sufficient legal notice to it, or an appearance by it, is without jurisdiction and void.

**2. Same—Special Appearance—Effect of Going Into Trial.**

Where a defendant corporation appears specially and objects to the jurisdiction of the court over it by reason of no service of summons upon it, and the objection is overruled, it may file its answer and proceed to trial and will not be deemed to have entered a general appearance by reason thereof if its objections to the service are meritorious, unless, in addition to defending against plaintiff's action, it asks for affirmative relief against the plaintiff.

**3. Same—Defensive Pleading—Seeking Affirmative Relief.**

The defendant, in pleading the statute of limitations as a bar to plaintiff's action, and in praying for costs, is not seeking affirmative relief and does not thereby waive its objections to the jurisdiction of the court or enter a general appearance.

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by Hita Ethel Walser, formerly Raines, and Carl F. Croniger, administrator of the estate of William D. Raines, deceased, against the Southwestern Surety Insurance Company. Judgment for plaintiffs, and defendant brings error. Reversed.

Kent V. Gay and C. Caldwell, for plaintiff in error.

S. F. Parks, for defendant in error.

RAINEY, J. This action was instituted in the district court of Craig county by the defendants in error, plaintiffs below, against the Southwestern Surety Insurance Company, a corporation, plaintiff in error, defendant below, on an additional sales bond of a deceased guardian and for an accounting. Judgment was for the plaintiff below, from which the Southwestern Surety Insurance Company appeals.

The first assignment of error is that the court did not obtain jurisdiction over the person of the plaintiff in error, the correctness of which contention depending upon whether or not service of summons was secured on it. The return upon the summons shows that service was had upon one Thos. H. Byrd, as "the managing agent of said corporation, in the city of Vinita, Craig county, state of Oklahoma, the president, chairman of the board of directors or trustees and other chief officers or agent appointed to receive process not being found in said Craig county, state of Oklahoma."

Plaintiff in error appeared specially and moved to quash the summons on the ground that it purported to have been served upon Byrd, as managing agent of the plaintiff in error, a domestic corporation, and denied that Byrd was its agent at the time the summons was served on him. It appears from the testimony adduced at the hearing that on the date of the service Byrd was not an agent or officer of the plaintiff in error, or connected with it in any manner. Since this was the only attempted service in the case, the judgment complained of was rendered without service of process, and since there was no service of process on the defendant, or other sufficient legal notice to it, the court was without jurisdiction to render a personal judgment against it, and the purported judgment is void unless, as insisted by defendant in error, plaintiff in error entered a general appearance by pleading the statute of limitations as a bar to plaintiff's action and praying for its costs. M. Rumley Co. v. Bledsoe et al., 56 Okla. 180, 155 Pac. 872. The law applicable in these circumstances is stated in Austin Mfg. Co. v. Hunter et al., 16 Okla. 86, 86 Pac. 293, as follows:

"Where one appears especially and objects to the jurisdiction of the court over his person, by reason of defective service of summons, and his objection is overruled, he may file his answer and proceed to trial, and he will not be deemed to have entered a general appearance by reason thereof, if his objections are meritorious. But where he in addition to defending against the action of a plaintiff files a cross-petition and asks for affirmative relief against the plaintiff, he thereby submits his person to the jurisdiction of the court for all purposes of the entire action, and thereby estops himself from questioning the jurisdiction of the court in the first instance."

In the instant action no cross-petition was filed, but counsel for defendants in error contend that the case is governed by Shufeldt et al. v. Jefcoat et al., 50 Okla. 790, 151 Pac. 595. Although in that case, which was an action by plaintiff to quiet title, no cross-petition was filed by the defendant, he did allege in his answer that the plaintiff had unlawfully kept him out of possession of the land, which had a rental value of $500 a year, and prayed for judgment for the possession and for damages in the sum of $1,000. We held such allegations to be a claim for affirmative relief and, in effect, a cross-petition. It would seem, then, that the precise question now presented is whether the defendant in the instant case by pleading the statute of limitations and praying for costs, was asking for affirmative relief sufficient to constitute an entry of appearance and waiver of its motion to quash service. A similar question was before the Supreme Court of Minnesota in the case of Koerper et al. v. St. Paul, etc., R. C., 40 Min. 132, 41 N. W. 656. It appears from an examination of that case that under the General Statutes of Minnesota, 1878, chap. 66, sec. 262, the plaintiff was given the right to dismiss his action at any time before trial "if a provisional remedy has not been allowed, or counterclaim made, or affirmative relief demanded in his answer," and the Supreme Court of that state in the above case, in defining the term "affirmative relief," held in the syllabus that it had reference only to that relief for which the defendant might maintain an action independently of plaintiff's claim, and on which he might proceed to recovery, although the plaintiff abandoned his cause of action or failed to establish it. In the course of the opinion the court said:

"It seems to us that the relief to which the statute refers as affirmative is only that for which the defendant might maintain an action entirely independent of plaintiff's claim, and which he might proceed to establish and recover even if plaintiff abandoned his cause of action, or failed to establish it. In other words, the answer must be in the nature of a cross-action, thereby rendering the action defendant's as well as plaintiff's. The relief demanded in the answer in this case is clearly not of this kind. It is en-

tirely conditioned and dependent upon plaintiff's establishing their right of recovery."

Although the statute of limitations cannot be invoked under a general denial where the pleadings do not show on their face that the action was barred, but must be specially' pleaded, it is nevertheless a defensive plea. By it the defendant seeks merely to defeat the plaintiff's right of recovery, and does not ask any relief independently of plaintiff's action. Under it, the plaintiff abandoned his case, or failed to establish it, the defendant would not be entitled to proceed, nor could he base a cross-action thereon. We are of the opinion that the principal applied in the Minnesota case is equally applicable here, that the pleading of the statute of limitations and asking for costs is not asking for affirmative relief, and that plaintiff in error in so doing, did not waive its motion to quash or enter a general appearance.

For the reasons stated. the cause is re versed.

OWEN, C. J., and KANE, PITCHFORD, JOHNSON, McNEILL, HIGGINS, and BAILEY, JJ., concur.