## TRUMBLE GAS TRAP CO. v. CHICAGO, R. I. & P. RY. CO.

No. 15317—Opinion Filed Sept. 15, 1925.

1. **Corporations—Railroads — Foreign · Corporations—Actions—Venue.**

Venue of actions against foreign corporations is fixed by Const., art. 9, sec. 43, and in a case against a foreign railway company, where the cause of action arose without the state, and where plaintiff's residence is not shown, the action must be brought in a county where such railway company has a designated agent for service of process, by reason of Comp. Stat. 1921, sec. 245, or in which an agent of such corporation may be found by reason of section 43, supra.

2. **Railroads—Service of Process—Statutory Provisions.**

Railroads are required by said section 245, Comp. St. 1921, to designate agents for service in each county into which their lines run or in which their business is transacted. In counties in which no service agent is required to be appointed under the foregoing section, the alternative methods of service provided for in section 247, Id., have no application.

3. **Same—Service on "Agent"—Traveling Freight Solicitor—"Transacting Business in County."**

A soliciting freight agent, traveling from place to place, though maintaining a residence and office in one of the counties in his territory, is not such an agent nor is his business of such nature as that service on him will confer jurisdiction on a court of that county over the defendant railroad company.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from · Court of Common Pleas, of Tulsa County; Saul A. Yager, Judge.

Action by Trumble Gas Trap Company, a partnership composed of A. J. Gutzler, F. M. Townsend, and A. J. Trumble, against the Chicago, Rock Island & Pacific Railway Company, for damages. Motion to quash service of summons sustained, and cause dismissed. Affirmed.

Plaintiff commenced its action in the court of common pleas of Tulsa county by filing therein its petition, in which it was alleged in substance that on or about September 14, 1922, the defendant, Chicago, Rock Island & Pacific Railway Company, had in its possession at its station at Eldorado, Ark., a certain Trumble gas trap, the property of plaintiff, having received the same as a common carrier at some point to the petitioner unknown, and from a connecting carrier to the plaintiff unknown; that said property was of the value of $1,000, and that the defendant converted said property to its own use by selling and delivering same to some person or persons unknown to plaintiff.

Thereafter summons was served in the action by delivering a copy thereof to H. E. Hurst at his office and usual place of business in said county, the said H. E. Hurst being a soliciting freight agent of the defendant. The return of summons further showed that neither the president, mayor, chairman of the board of directors, nor trustees or other chief officer of the defendant, nor its cashier, treasurer, secretary or clerk could be found in said county, and that no local superintendent of repairs and no station keeper of said defendant was found in said county, and that no person residing in Tulsa county had been designated by defendant upon whom process might be served.

Therefore defendant filed its motion to quash said service and upon a hearing of said motion October 29, 1923, evidence was taken. At the conclusion of said hearing, the motion to quash was sustained and, plaintiff not having elected to amend its petition or to secure service in any other manner, the court entered an order dismissing the cause. To reverse this action of the trial court, plaintiff has brought the case here by petition in error with the case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Phil W. Davis, Jr., for plaintiff in error.

W. F. Collins, W. R. Bleakmore, and A. T. Boys, for defendant in error.

Opinion by LOGSDON, C. Only one question of primary importance is presented by this proceeding, and that is whether the trial court acquired jurisdiction of the defendant through the kind of service had in the case. The other question presented is merely incidental to this.

Jurisdiction in this case, in so far as venue may affect it, is limited to the question of whether H. E. Hurst was an agent of the defendant in Tulsa county within the meaning of any of the statutory provisions relating to service of process on railroad companies. This is so because in plaintiff's petition it is not alleged that plaintiff is a resident of Tulsa county, while it affirmatively appears from said petition that the cause of action arose in the state of Arkansas. Therefore, only the first provision of section 43, art. 9, of the Constitution, relating to venue in such actions, is applicable here. That portion of section 43 material to be considered reads:

"Suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found."

What meaning was intended to be conveyed by the word "agent" in this constitutional provision?

By preceding language of this section every foreign corporation, before it is licensed to do business in the state, must designate an agent residing in the state. It is then provided:

"Service of summons or legal notice may be had on such designated agent and such other agents as now are or may hereafter be provided by law."

Evidently it was intended by this language and that previously quoted to make venue of the action depend on the presence and service upon, within the county of, a designated agent for that purpose, or of "such other agents as now are or may hereafter be provided by law." Admittedly there was no designated agent of defendant for service within Tulsa county. Therefore, the venue and jurisdiction in this case are dependent on whether H. E. Hurst was one of "such other agents as now * * * provided by law," upon whom service of process could be legally had.

Comp. Stat. 1921, sec. 245, provides:

"Every railroad company and every stage company doing business in this state or having agents doing business therein for such company, is hereby required to designate some person residing in each county into which its railroad line or stage route may or does run, or in which its business is trans-

acted, on whom all process and notices issued by any court of record or justice of the peace of such county may be served."

It is clearly evident from this language that a railroad company is not required to designate a service agent in any county of the state except those into which its line of railroad extends, "or in which its business is transacted." Defendant's line of railroad does not extend into Tulsa county, and unless its "business is transacted" there it was not required to have a service agent therein. The testimony of H. E. Hurst upon this point is thus abstracted in plaintiff's brief:

On direct examination by defendant:

"I reside in Tulsa, Okla., and on October 11, 1923 (the date of the service of summons), my occupation was soliciting agent for the Rock Island; I am not managing agent for the Rock Island and was not on October 11, 1923. The Chicago, Rock Island & Pacific Railway Company does not own or operate any railroad in Tulsa county, Okla. I was not on the date mentioned freight agent of the defendant and am not now, and was not on that date, and am not now its agent appointed to sell tickets, nor on that date was I local superintendent of repairs in Tulsa county, nor am I the president of the defendant. I do not bill any freight or sell any tickets over the lines of the defendant, and did not on the date of the service. I was never appointed the defendant's service agent. I was not the defendant's cashier or secretary on the date of service, and am not a clerk of any of the officers, cashier, president, treasurer or any of those."

On cross-examination:

"My office is at 622 Petroleum Building. The office of the soliciting freight agent of the Rock Island was 622 Petroleum Building on the date of the service of the summons. I solicit freight and travel the territory around here. On the date of the service of summons the defendant had an office in this city and county, a commercial agent's office. I was present on that date at the time the summons was delivered to me, in charge of that office and place of business of the Chicago, Rock Island and Pacific Railway Company. On that date I resided in Tulsa county. On that date the defendant had no other office or place of business in Tulsa county that I know of, and I would know of it if there were another office. If persons applied to me for transportation, I referred them to one of the local agents in town of the roads running out of Tulsa. We sell no tickets. I solicit the movement of freight over the Rock Island line, point out our service to shippers. I solicit passenger travel as well as I do freight. I do not handle any freight. In my office is just one employe

of the defendant beside myself; I have a stenographer. The stenographer is paid by the defendant a salary."

This testimony also shows that he was not one of the officers of the defendant on whom service might be had under Comp. Stat. 1921, sec. 243, nor was he one of the enumerated employes upon whom service might be had under Comp. Stat. 1921, sec. 247. Therefore, upon this branch of the argument the only question to be determined is whether defendant's "business is transacted" in Tulsa county within the meaning of that phrase as used in section 245, supra.

In determining what is meant by the language used, this court must be guided by the mandate of the Legislature contained in Comp. Stat. 1921, sec. 3528:

"Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears. * * *"

No decision of this court has been found where this particular phrase has been construed. However, substantially the same language is used in Comp. Stat. 1921, sec. 5432, which provides:

"No foreign corporation, except created solely for religious or charitable purposes, shall transact business within this state until it shall have filed in the office of the Secretary of State a certified copy of its charter or articles of incorporation, which shall be recorded in a book to be kept by the Secretary of State for that purpose, and shall have paid the fees required by law."

The phrase "transact business within this state" has received interpretation by this court in numerous cases. In most of these cases the effect of federal jurisdiction over interstate commerce has controlled in the interpretation of the phrase, and such cases would probably not be in point and apposite here. But in the case of Harrell v. Peters Cartridge Co., 36 Okla. 684, 129 Pac. 872, this court construed this language on one of the two propositions there involved free from federal question. The two propositions there involved are thus stated in the opinion:

"In determining the question whether the Peters Cartridge Company was doing business within the state, there are two features or two separate groups of facts to be considered and to be considered separately: First. Whether the relations between the Oklahoma City Hardware Company and defendant were such as to constitute the Oklahoma City Hardware Company the agent of defendant. Second. Whether the acts of the expert marksmen in demonstrating the merits of defendant's products were such acts as would constitute "doing business within the state."

The first proposition was determined in harmony with the uniform rule relating to interstate commerce. The second proposition was determined entirely upon the meaning of the language used in the statute last above quoted, as it related to one group of facts shown by the evidence. Those facts are thus stated:

"The next question is whether the acts of H. A. Murrelle, the expert marksman who traveled through the state giving shooting exhibitions in order to advertise and demonstrate the merits of defendant's products, and who sometimes took orders, but under the evidence sent such orders to the Oklahoma City Hardware house to be filled out of its stock—whether his acts were such acts of an agent as would constitute 'doing business' within the state by the Peters Cartridge Company."

In concluding its opinion upon this branch of the case, this court said:

"In view of the fact that H. A. Murrelle was sent into the state by defendant merely for the purpose of advertising its goods, although he was permitted to take orders where he found demand for same and send such orders in to the Oklahoma City Hardware Company to be filled out of its stock, and in view of the further fact that he was not authorized to make any contracts for or in the name of the defendant company within the state, under the overwhelming line of authorities which hold that similar acts do not constitute 'doing business' within the state, it is clear that the acts of Murrelle were not such as would bring defendant within the term 'doing business' within the state."

The similarity of the phrases used in the two statutes here under consideration, and the identity of the purposes sought to be accomplished by the enactment of both, seem to fully justify the giving of identical meaning to both phrases. In the instant case the character of H. E. Hurst's representation of defendant in Tulsa and adjacent counties was very similar to H. A. Murrelle's representation of the Peters Cartridge Company. He traveled from place to place soliciting freight and passenger business, and endeavoring to impress on prospective patrons the merits of defendant's service and its practicability through connecting lines in and out of Tulsa. Unlike Murrelle, he was not authorized to sell the service which he advertised. He neither sold tickets nor issued bills of lading. He made no contracts. It cannot be questioned that the business of defendant is that of hauling passengers and freight for hire. It must, therefore, be de-

termined that no "business is transacted" in Tulsa county for defendant by its soliciting freight agent within the meaning of that phrase as used in section 245, supra, and therefore defendant was not required to designate an agent in that county on whom process might be served. As defendant has no line of railroad in Tulsa county, it follows that none of the provisions of section 247, Id., are applicable.

Numerous authorities are cited and quoted from in defendant's brief from other jurisdictions which sustain the conclusion here reached, but it is considered that the construction placed on our statute by our own court is conclusive here. For the benefit of those who may desire to further investigate the question, the following cases are cited: People ex rel. Stead v. Chicago, I. & L. Ry. Co. (Ill.) 79 N. E. 144; Rich v. Chicago, B. & Q. Ry. Co. (Wash.) 74 Pac. 1008; Atlantic Coast Line Ry. Co. v. Richardson (Tenn.) 117 S. W. 496; Berger v. Penn. R. Co. (R.I.) 65 Atl. 261; North Wisconsin Cattle Co. v. Oregon Short Line R. Co. (Minn.) 117 N. W. 391; Green v. Chicago, B. & Q. Ry. Co., 205 U. S. 530. In this last case the syllabus reads:

"Soliciting through its district freight and passenger agent in Philadelphia, freight and passenger traffic for a railway company incorporated in Iowa and having its eastern terminal at Chicago, is not doing business within the Eastern district of Pennsylvania in such a sense that process can be served upon the corporation there."

This conclusion reached as to the proper interpretation of the language of section 245, supra, also disposes of another contention of plaintiff, viz., that the service on H. E. Hurst is good under the last clause of Comp. Stat. 1921, sec. 243, which reads:

"* * * Or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

Without determining whether section 243 has any application to service of process on railway companies generally, which is rendered at least doubtful by the language of this court in the case of Shawnee-Tecumseh Traction Co. v. Webster, 68 Okla. 299, 174 Pac. 266, it is sufficient here to say that if defendant was not doing or transacting business in Tulsa county within the meaning of section 245, then it had no "office or usual place of business" in that county within the meaning of the above quoted clause in section 243, so that the service in this case

on H. E. Hurst cannot be upheld under said section 243.

Remaining for determination is the incidental question urged by plaintiff, that the trial court erred in dismissing the action after sustaining the motion to quash service. As heretofore stated in this opinion, the petition did not allege the plaintiff partnership to be a resident of Tulsa county, while the petition affirmatively alleged that the cause of action arose in Arkansas. Under the holding of the trial court on the question of service, which is here sustained, there was no way in which the jurisdiction of the court over the subject-matter of the action and of the parties could be sustained and upheld by another and different service in the absence of a showing that plaintiff is a resident of Tulsa county. Const., art. 9, sec. 43. Plaintiff did not ask to amend its petition in this respect so as to obtain service in any other manner. Therefore, no other character of service could have vested the court with jurisdiction under the allegations of plaintiff's petition, and the order dismissing the action was a proper order.

The judgment and order of the trial court should be in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 14a C. J. p. 1399, § 4120. (2) 14a C. J. p. 1414, § 4139; anno. 9 L. R. A. (N. S.) 1214; 23 L. R. A. (N. S.) 834; L. R. A. 1916E, 236; 21 R. C. L. p. 1349; 5 R. C. L. Supp. p. 1189. (3) 14a C. J. p. 1413, § 4137.