16137

EDGAR v. SOUTHERN RY. CO. *ET AL.*
(49 S. E. (2d) 841)

*Messrs. Osborne, Butler & Moore,* of Spartanburg, *for Appellant, Order of Railway Conductors of America,*

*Messrs. Walker & White, Young & Long, and J. Raymond Flynn,* of Union, *for Respondent,*

Order of Judge Lewis follows:

The defendants noticed the various motions and demurrer, upon which this matter is before me, for hearing before me at Spartanburg, S. C., while presiding in the Seventh Circuit. By agreement of all parties the matter was marked heard and oral arguments thereon by agreement were heard by me at Darlington, S. C., on August 14, 1947, and my decision reserved.

The questions to be first decided arise under the motions of the defendants Order of Railway Conductors of America (which will be referred to hereafter for convenience as the Order) and Order of Railway Conductors of America—Congaree Division—No. 323 (which will be hereafter re-

ferred to as the Congaree Division) to quash and set aside the attempted service on them of the Summons and Complaint herein, and the alternative motion of the defendant Congaree Division for a change of venue to Richland County.

This action was instituted in Union County, South Carolina, and the Summons and Complaint were served on the defendant, B. J. Coleman, at Columbia, S. C., in Richland County, as an individual defendant and also on him as the agent of the defendant's Order and Congaree Division.

Appearing solely for the purpose of questioning the jurisdiction of the Court over it, the defendant Order moves to quash and set aside service of the Summons on it on the grounds (1) that the defendant B. J. Coleman was not and is not an agent of the said defendant upon whom service of process may be made, (2) that the said defendant is not and was not at the time of the attempted service of process doing business within the State of South Carolina, so as to subject it to the jurisdiction of the Courts of this State, and (3) that the attempted service of process herein would deprive the said defendant of due process of law, the defendant being an unincorporated association and composed largely of non-resident members.

The defendant Congaree Division moves to quash service of process on it on the ground that such defendant is a voluntary unincorporated association and that the attempted service of process on it was had on its agent in Richland County, South Carolina, and under the provisions of the statutes relating to such associations it is not subject to suit except in the County in which process is served, to wit, Richland County. Failing in said motion to quash service, this defendant moves for a change of venue of the cause to Richland County on the ground that the defendant may not be sued except in Richland County where the attempted service of process was had.

It is admitted that both the defendant Order and the defendant Congaree Division are unincorporated associations.

It should be noted that the defendant B. J. Coleman does not challenge the jurisdiction of the Courts of Union County. Nor is any challenge made by the defendant Congaree Division to the general jurisdiction of the Courts of this State, but insists that it can only 'be' sued in Richland County where attempted service was had on the defendant Coleman as its agent. Neither does the defendant Congaree Division challenge the plaintiff's allegations that the defendant B. J. Coleman was and is an agent of said defendant. It is therefore necessary to determine whether the defendant B. J. Coleman is also an agent of the defendant Order.

It is admitted that the defendant Coleman is a member of the defendant Order, but it is well established in this state that service of process on a member of an unincorporated association is insufficient to give jurisdiction over such association. Service of process must be made on an agent of the association. *Medlin v. Ebenezer Methodist Church,* 132 S. C. 498, 120 S. E. 830.

The defendant Order is governed by a constitution and statutes to which it is necessary to refer to determine whether the defendant Coleman is an agent of said Order on whom service of process may be had. The question is one of fact to be determined from the pleadings, affidavits and exhibits in the cause.

The facts are that the defendant Order is a voluntary, unincorporated association of railway employees whose membership is limited to a particular class of railway employees, to wit, railroad conductors and other allied crafts or classes of employees of railroads, with its membership consisting of many thousands of individual members residing in the several states of the United States. It is a labor union and recognized as such under the Federal Laws. Under the provisions of its constitution and statutes provision is made for Local Divisions and further provision is made as to the

said subordinate or Local Division, the manner and method whereby such Local Division shall function and its officers.

The defendant Congaree Division is one of the Local Divisions of the defendant Order in the State of South Carolina.

The constitution and statutes of the defendant Order further provide, as an integral part of the Local Division, for a Local Committee of Adjustment and along the tracks of the defendant Southern Railway Company are situated, in the various states of the United States served by the Southern Railway, Local Divisions, and each Local Division having three or more members employed by the Southern Railway Company has a Local Committee of Adjustment, and the Chairman of each of the Local Committees of Adjustment constitute what is known as the General Committee of Adjustment. These committees have as their functions the handling of grievances in connection with the members of the defendant Order and their employer. In matters determined by these committees of Adjustment the right of appeal is given to the president of the Order.

The defendant Coleman was, at the time of the attempted service of process on him, the Local Chairman of the Local Committee of Adjustment of the defendant Congaree Division. He was, therefore, in such capacity automatically a member of the General Committee of Adjustment whose duties and functions are set forth in the constitution and statutes of the Order.

There can be little room for doubt that the Local Divisions are part of the defendant Order and representatives of it. The constitution and statutes of the defendant Order provide with meticulous care for the payment and collection of dues which are to be collected by the Local Treasurer and, under the penalties of the bond required by the defendant Order, required by the defendant Order to remit a portion of the dues to the home office of the Order. The constitu-

tion further provides that all general powers of the said Order are vested in the body known as the Grand Division and "all powers necessary to enforce or carry into effect this constitution or any laws hereafter enacted repose in the Grand Division." It is further provided that any Division failing to act upon and report on any question submitted to it by the Grand Division within sixty days from the date of its submission "shall be subject to discipline therefor by the President and by the Grand Division". No one can be an officer of the Grand Division unless he is a member of some Local Division of the Order. The president of the defendant Order is given the power to "convene any Division anytime, preside therein, inspect its work, correct its errors, annul its illegal acts and require conformity to the regulations of the Order." It is further provided that the president of the Order "may remove from office any officer of any Division, officer of a General Committee," etc. Upon a two-thirds favorable vote of the members of any line, the president is empowered to call a strike on such line of railway; and is given the power to declare a strike at an end. Insurance benefits are provided on conditions for the membership of the Order. (Above provisions from arts. 2 and 4 of the Constitution of the defendant Order.)

To further burden this order with citations and references from the constitution and statutes of the defendant Order would serve no useful purpose. From a careful reading of the laws governing the defendant Order the conclusion is inescapable that the defendant Congaree Division is a closely integrated part of the defendant Order, and the representative part and parcel of the Order; that the defendant Coleman, upon whom service of process was had, was at the time thereof an agent of the defendant Congaree Division and of the defendant Order; and was such an agent of an unincorporated association contemplated by the Statutes of this State, Section 7797, 1942 Code, upon whom service of process may be had.

The defendant Order, when it, through its agents, solicits membership in this State in its association, collects dues from its members in this state, sets up its committees for adjustment of dispute between its members and their employer, issues contracts of insurance to its members, and in all other respects prosecutes its activities in this State as a labor union, is doing business within this State so as to subject it to the jurisdiction of the Courts of this State.

It is next contended that service under the statutes of this State would deprive defendant Order of due process of law. The statutes of this State affecting service of process on and suits against unincorporated associations are as follows, 1942 Code of Laws:

"Section 7796. All unincorporated associations may be sued and proceeded against under the name and style by which they are usually known, without naming individual members of the Association.

"Section 7797. Process served on any agent of any unincorporated association doing business in this State, under the name and style by which it is usually known, *shall be sufficient to make such association a party in any Court of record in the County in which such agent may be served.* (Emphasis added.)

"Section 7798. On judgment being obtained against such association under such process, final process may issue to recover satisfaction of such judgment, and any property of the said association, and the individual property of any copartner or member thereof, found in the State, shall be liable to judgment and execution for satisfaction of any such judgment."

The above statutes are not repugnant to the due process clause of the Constitution. The defendant Order is an unincorporated association. The statute permits suit against it under the name by which it is usually known, to wit, Order of Railway Conductors of America.

It is doing business within this state and acting through its agents here. The prescribed method of service extends to all unincorporated associations, both foreign and domestic, and affects alike all such associations having agents in and doing business within this State. *Ex Parte Baylor,* 93 S. C. 414, 77 S. E. 59. See also: Anno. in 79 A. L. R. 305; 4 Am. Jur. Sec. 51, page 488; 7 C. J. S., Associations, § 39a, b, page 104.

It is next contended by the defendant Congaree Division that it can only be sued, in view of the emphasized portion of Section 7797, *supra,* in the County where service of process was had on its agents, to-wit, Richland County, relying on the decision of the Supreme Court in *Elliott v. Greer Presbyterian Church,* 181 S. C. 84, 186 S. E. 651, to the effect that the remedy provided by the statutes is exclusive, and that, therefore, said defendant can only be sued in Richland County. In my opinion the decision relied upon by the defendant is inapplicable here. I have found no authority for the proposition that an unincorporated association can *only* be sued in this State in the county where service of process is had on its agent, and that the provisions of the statute as to venue are exclusive.

The statutes in question must be construed in connection with Section 422 of the 1942 Code of Laws, which provides in part: " * * * and if there be more than one defendant, then the action may be tried in any county in which one or more of the defendants to such action resides at the time of the commencement of the action; * * * "

The clear intent of the statute in question is that jurisdiction over unincorporated associations is extended to the county where service of process is effected on an agent, and does not confine jurisdiction to such county, as contended for by the defendant Congaree Division. This statute is merely cumulative to the general statutes and law as to venue. Had it been the desire of the Legislature to

limit jurisdiction of such associations solely to the county where service of process on an agent was effected, it is reasonable to suppose that the statute would have so provided. The only effect of this statute on the place of trial of such actions is to make service of process on an agent *sufficient* to make the association a party in any county where such service was made on an agent, which would not necessarily be the case but for the statute. To hold otherwise would in effect amount to an amendment of the statute as passed which this court has no power to do.

The defendant Congaree Division does not deny the allegations that the said defendant was duly licensed and authorized to do business within the State of South Carolina, and was and is engaged in business in the County of Union.

It therefore follows that the motions to quash service and for a change of venue should be refused.

The defendants have made motions to make the complaint more definite and certain, to strike certain allegations from the complaint, and to require the plaintiff to elect on which cause of action he will proceed to trial. The defendants Congaree Division and B. J. Coleman have also filed a demurrer to the complaint.

A construction of the complaint as to the nature of the cause of action alleged therein will, in my opinion, determine most of the questions arising under the motions to strike, to require the separate statement of the causes of action jumbled in the complaint, to require an election as to which cause of action the plaintiff will proceed upon and the demurrer.

The defendants contend that the plaintiff has jumbled in the complaint and improperly united therein a cause of action for alleged conspiracy and a cause of action for alleged slander and/or libel.

The cause of action alleged is one sounding in tort for an alleged conspiracy against the defendants. The complaint does not set forth two causes of action as contended by the defendants, but alleges one cause of action for an alleged conspiracy to damage and injure the plaintiff in his reputation and property. The allegations of the complaint relative to the alleged slander and/or libel of the plaintiff state the slanderous statements to have been made "pursuant to and in furtherance of the aforesaid scheme and conspiracy" by unlawful means to eliminate and oust the plaintiff from his employment as a railway conductor and from membership in the defendant union. The allegations relating to the alleged slander or libel are therefore but allegations of the acts committed pursuant to the conspiracy and set forth the manner of and acts done in the execution of the conspiracy, and circumstances of aggravation surrounding it.

The allegations of slander and libel are relevant to the cause of action for conspiracy; *Charles v. Texas Co.,* 192 S. C. 82, 5 S. E. (2d) 464; and the plaintiff cannot be required to split his cause of action, *Floyd v. C. I. T. Corporation,* 191 S. C. 518, 5 S. E. (2d) 299.

With reference to the alleged publication of the alleged false and slanderous statements made concerning the plaintiff, the defendants made a motion to require the complaint made more definite and certain by alleging the names of the "large group of persons" present at the meeting referred to in paragraph 9 of the complaint. In support of the motion the defendants rely on the cases of *Boling v. Clinton Cotton Mills,* 163 S. C. 13, 161 S. E. 195, and *Tucker v. Pure Oil Company,* 191 S. C. 60, 3 S. E. (2d) 547. In my opinion the rule announced by these decisions is inapplicable here, because the information sought appears to be equally within the knowledge of the defendants. It is alleged that the charges set forth were made by the defendants at a meeting attended by them or their agents pursuant to the conspiracy to oust plaintiff from his

job and that the charges "were aired, published and disclosed to various and sundry persons *who were present at said meeting*". (Emphasis added.) The publication is confined therefore to those present at the meeting attended by the defendants. The information sought appears to be as much within the knowledge of the defendants as of plaintiffs and under such circumstances the motions must be refused.

The above ruling applies to the other motions to require the complaint to be made more definite and certain and they are refused. I am aware of the principle that the defendants are entitled to all of the information necessary for their defense, but the information sought appears to be already within their knowledge.

While I have not referred to and discussed all of the motions made by defendants, I have carefully considered the same and have concluded that they should be refused. The complaint states a cause of action for alleged conspiracy and the allegations of the complaint are relevant thereto.

It is therefore, *Ordered* that all of the motions interposed by the defendants herein be, and the same are hereby refused, and the demurrer overruled.

October 14, 1948.

PER CURIAM.

Appellant lists twenty-four exceptions which pose, in effect, two questions to be determined; first, whether or not appellant was doing business within the State of South Carolina, and second, whether or not B. J. Coleman, who was served as appellant's agent, was in fact such agent.

A conclusion as to either of these questions necessarily involves the determination of a question of mixed law and fact, but the result of such determination by the Circuit Judge is essentially a finding of fact which this Court has no power to review unless wholly unsupported by evidence or manifestly influenced or controlled

by error of law. *Lipe v. C. & O. Railway Co.*, 123 S. C. 515, 116 S. E. 101, 30 A. L. R. 248; *State v. W. T. Rawleigh Co.*, 172 S. C. 415, 174 S. E. 385.

We have examined the documentary evidence contained in the record and find ourselves unable to agree with contention of appellant that his findings were unsupported by the evidence or influenced or controlled by error of law. Let the order of the Circuit Court be reported.

Judgment affirmed.