INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, CHAUFFEURS, WARE-
HOUSEMEN AND HELPERS OF AMER-
ICA, LOCAL 516; Amalgamated Meat Cut-
ters and Butcher Workmen of North Amer-
ica, Local 425; and C. W. Jenkins, A. B.
Griffith, and John H. Ford, Plaintiffs in
Error,

v.

SANTA FE PACKING COMPANY, Inc., a
corporation, Defendant in Error.

No. 37059.

Supreme Court of Oklahoma.

July 31, 1956.

Pierce, Pierce & Brook, Muskogee, for plaintiffs in error.

Edwin Langley, Muskogee, for defendant in error.

PER CURIAM.

The first question presented by this appeal is whether the motion to quash service of summons was properly overruled. The parties will hereinafter be referred to by their trial court status.

The summons commanded the sheriff to serve the defendant, Teamsters Union, by serving C. W. Jenkins, and to serve the defendant, Meat Cutters Union, by serving John H. Ford. This was the method employed by the sheriff and by stipulation at the trial it was admitted by the defendants that these men were members of the respective unions upon which service was attempted to be obtained. After service of summons, the defendants filed a motion to quash, and upon its being overruled, saved their exceptions and thereafter asked for no affirmative relief thus avoiding a waiver. Southwestern Surety Ins. Co. v. Walser, 77 Okl. 240, 188 P. 335; Kansas, O. & G. R. Co. v. Smith, 190 Okl. 103, 125 P.2d 180; Bingham v. Williams, Okl., 264 P.2d 751.

The service of summons in this case was attempted under 12 O.S.1951 § 182, and it is not contended that this service was effective to acquire jurisdiction of these organizations under the common law rule.

It was because of the very unwieldiness of that rule that this statute, and those of many other states, was enacted. Be that as it may, we are not at liberty to expand by implication the terms of the statute. In re Long's Estate, 180 Okl. 28, 67 P.2d 41, 110 A.L.R. 1002. So, to make service effective, the association must meet the qualifications of that statute. Section 182, 12 O.S.1951, provides:

"When any two or more persons associate themselves together and *transact business for gain or speculation* under a particular appellation, not being incorporated, they may be sued by such appellation without naming the individuals composing such association and service of process may be had upon such association by personal service as provided by law for services of summons in civil actions, upon any member of such unincorporated association, * * *." (Emphasis supplied.)

There being no question but that service was made on a member of each of the defendant organizations, the problem resolves itself into a determination of what is meant by the phrase "transact business for gain or speculation." The legislative history of the statute discloses that the term "transact business" appeared in the Act from its introduction in the Legislature. The phrase "for gain or speculation" was an amendment to the Act by the Senate. Previously, there had been an unsuccessful attempt in the House of Representatives to except from its application labor, fraternal and civic organizations. These facts are extremely interesting in deciding what must have been the intention of the Legislature in the use of the phrase.

In other jurisdictions, most of the statutes have confined their qualifications to the term "business", and the courts in those states have been prone to give this word a broad connotation so as to effectively remedy the objection at which the statute was aimed. Edgar v. Southern R. Co., 213 S.C. 445, 49 S.E.2d 841; Bowers v. Grand International Brotherhood of Locomotive Engineers, 187 Minn. 626, 246 N.W. 362;

Deeney v. Hotel & Apartment Clerks' Union, 57 Cal.App.2d Supp. 1023, 134 P.2d 328. Other states' statutes have simply authorized actions by or against "unincorporated associations" without any further qualifications. Brotherhood of Railroad Trainmen v. Cook, Tex.Civ.App., 221 S.W. 1049; International Brotherhood of Boilermakers, etc. v. Wood, 162 Va. 517, 175 S.E. 45. We have found no statute similar to ours containing the further qualification of "for gain or speculation."

If our statute was qualified only by the term "transact business" we would be inclined to hold the service herein valid and adopt a broad connotation for that term. However, the Legislature must have intended to further qualify the general word "business" by adopting the added words "for gain or speculation." This entire phrase is necessarily more restrictive than would be the case in the use of the word "business" alone. If this were not so, there would have been no reason for the Senate amendment. Application of Central Airlines, 199 Okl. 300, 185 P.2d 919. The words "gain or speculation", used in limiting the word "business", must be understood in their common meaning as referring to matters pecuniary, but not necessarily profitable, in nature rather than as comprehending sociological advancement. Board of Trustees of Firemen's Relief and Pension Fund of City of Muskogee v. Templeton, 184 Okl. 281, 86 P.2d 1000. Although the general objectives of labor unions might be considered "gain" if accomplished and the likelihood of their attainment might be "speculation", we do not believe that such a broad connotation was intended by the Legislature in using them as limitations to the general word "business".

In the case of United Brotherhood of Carpenters and Joiners of America v. McMurtrey, 179 Okl. 575, 66 P.2d 1051, we stated that the statute would apply to an unincorporated labor union association but we held that the plaintiff had failed to prove service upon a member of the defendant union. We reaffirm the general holding stated in that case, but we must hold here that the plaintiff has failed to prove that the defendant unions are associations engaged in transacting business for gain or speculation. The plaintiff would have us take judicial notice that the defendants come within the terms of the statute, but this we are unable to do. It is quite likely that many labor union locals are engaged in business, broadly speaking, of some kind or another, and some, perhaps, for gain or speculation, but there is nothing in this record to show that either of these defendant local unions qualify. The admission in their answer that they are engaged in "collective bargaining and other mutual aid" is merely an admission of their social objectives.

In view of the peculiar limitations of our statute, we are of the opinion that an association must be shown to be transacting business for gain or speculation of a pecuniary nature in order to justify an action and service of process under Section 182. The motion to quash service on the defendant labor union locals should have been sustained. Inasmuch as there was no evidence or admissions sufficient to justify the injunction against the individual defendants other than in their capacity as members and officers of the defendant unions, it is unnecessary to discuss the merits of the controversy.

The judgment is reversed.

The court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease and approved by Commissioners J. W. Crawford and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., and CORN, DAVISON, HALLEY and BLACKBIRD, JJ., concur.

JACKSON, and HUNT, JJ., dissent.