### FISHER et al. v. FISKE.

No. 14162—Opinion Filed July 24, 1923.

Rehearing Denied Nov. 6, 1923.

(Syllabus.)

**Venue—Action Against Joint Defendants— Jurisdiction of Nonresidents — Effect of Failure of Action Against Resident Defendants.**

Sections 207 and 234, Comp. Stats. 1921, create an exception to the general rule that a defendant may be sued only in the jurisdiction of his residence. But, in order to give the court jurisdiction over joint defendants who are nonresidents of the county where the suit is brought and for whom summons has been issued to another county, the averments of the petition and the proof on the trial must show that the plaintiff has a valid joint cause of action against the resident defendants on whom valid service is had as well as against the nonresident defendants.

Record examined, and held, the action having failed as to the resident defendants, the action, on the motion of the non-resident defendants, should have been dismissed.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by Melba Fiske against Roy Fisher et al. to recover damages for personal in-

juries received in automobile accident. Judgment for plaintiff for $12,500, and defendants bring error. Reversed and remanded, with directions.

Stanley, Stanley & Hiebsch, Everest, Vaught & Brewer, and Warren K. Snyder, for plaintiffs in error.

Samuel A. Boorstin, J. D Johnston, and Robinett & Ford, for defendant in error.

KENNAMER, J. On the 4th day of February, 1922, Melba Fiske, plaintiff, commenced this action in the district court of Tulsa county against J. W. Fisher, Roy Fisher, and John R. Boling, and others not material in this appeal. The action was to recover for damages alleged to have resulted from injuries received in an automobile accident on the night of June 29, 1921, on Federal Drive near the city of Tulsa|. It was alleged by the plaintiff that while riding in a Mercer car, which the defendant Roy Fisher was driving at his request, the said Roy Fisher engaged in a race with defendant Boling, who was driving a Mercer car, and that through the fault and negligence of said defendants in racing, the car in which plaintiff was riding ran into another car parked on the side of the road, which caused said car to be ditched, thereby striking a culvert, and as a result the plaintiff was thrown against the front of the car into and against the wind shield, causing serious injuries to the plaintiff.

Roy Fisher is the son of J. W. Fisher, and was at the time employed by his father to sell cars, receiving a commission on cars sold by him.

Boling was a resident defendant of Tulsa county and therein served with summons.

The Fishers were both residents of Oklahoma county and served with summons in said county and by motion to quash the summons and otherwise, defendants Fisher challenged the jurisdiction of the court over them. The jury returned a verdict in favor of plaintiff for $12,500 against the Fishers, but found in favor of Boling. This appeal is prosecuted by the Fishers to reverse the judgment.

It is argued by counsel for the Fishers that, because of the fact that the action having failed as against Boling, the court had no jurisdiction over them. This, we believe, is not necessarily true. We are aware that ordinarily the jurisdiction of a local court cannot be extended to persons outside of its territorial jurisdiction. This is a declaration of that old common-law principle that a man must be sued in the jurisdiction of his residence. However, to this rule there are exceptions. One of these is contained in the statutory provisions that permit, in certain instances, where one of the defendants resides in the jurisdiction that persons nonresident of the territory may be joined. These statutes read as follows (Comp. Stats. 1921):

Sec. 207. "Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned; except action against makers of notes, claims, or other indebtedness which have been assigned, sold or transferred by or from the original payee or obligee, which actions against such original maker of such notes, claims or indebtedness can only be brought in the county in which the said maker of such note, claim or indebtedness or some one of the original makers of such note, claim or indebtedness resides. Provided, however, this section shall not in any way change or limit section 4671 of the Revised Laws of Oklahoma, 1910."

Sec. 234. "Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

Thus, where an action has been rightfully commenced against a resident, and it appears that a nonresident is a proper party to the action brought, that the nonresident has a substantial interest in that action, an interest which must necessarily be adjudicated in the type of action rightfully brought against the resident; then, and in that case, summons may issue to the nonresident and he may be brought into the case as a proper party. It is settled beyond the necessity of citing authority therefor that a plaintiff has an absolute right to sue joint tort-feasors, either jointly or severally. And where he elects to sue them jointly, it is necessary and proper to the class of action brought that all the tort-feasors be brought in.

But, on the other hand, every defendant having an inherent right to be sued where he lives, the exceptions must be strictly applied, so as not to abort their limited purpose. So, where it is determined that the resident defendant is not jointly liable in the action, the court loses its jurisdiction over the nonresidents, the jurisdiction over them being primarily predicated upon the liability of the resident defendant. Mr. Justice Sharp, in the case of Haynes v. City National Bank, 30 Okla. 614, 620, 121 Pac. 182, laid down the rule as follows:

"Before a summons can rightfully issue from one county to another, the person served with summons in the county in which the action is brought must have a real and substantial interest in the subject of the action adverse to the plaintiff and against whom some substantial relief may be obtained, and the action must be rightly brought in the county in which it is brought, as against the person served with summons in such county. Brenner v. Egly, 23 Kan. 125; Rullman v. Hulse, 32 Kan. 598, 5 Pac. 176; Id., 33 Kan. 670, 7 Pac. 210; Allen v. Miller, 11 Ohio St. 374; Drea v. Carrington, 32 Ohio St. 595."

There is a valid distinction between a suit against tort-feasors, when they are attempted to be held jointly, and against them when they are attempted to be held severally and individually. In the former, the statute permits a nonresident to be brought in as a necessarily proper party; in the latter, the nonresident cannot be forcibly made a party to the suit. Therefore, should it be determined, at any time, that the resident defendant is not properly a party, is not connected with the alleged liability of the nonresident, the nonresident cannot be held upon his several or individual liability outside of the county of his residence.

The fourth paragraph of the syllabus of the Ohio case of Gorey v. Black, 125 N. E. 126, states the rule in this manner:

"In order to give the court jurisdiction over joint defendants who are nonresidents of the county where suit is brought and for whom summons has been issued to another county, the averments of the petition and the proof on the trial must show that the plaintiff has a valid joint cause of action against the defendants on whom valid service is had as well as against the nonresident defendants."

And discussing this, the court said:

"The defendant Black is entitled to make every defense which he would have been entitled to make in that case. He is entitled to show that he was not a joint tort-feasor with the defendant Clark. And if in the case in Licking county he can, on the other hand, demonstrate that the defendant Clark had no part in the committing of the wrong, that would oust the jurisdiction against him, even if the proof showed that he had wrongfully injured the plaintiff, because the essential basis of the right to proceed against Black in Licking county is that a joint tort-feasor had been joined in that case and properly served there. A plaintiff cannot compel persons residing out of the county where suit is brought to defend there by simply joining them with another person or persons against whom

there is no joint right of action. In order to give the court jurisdiction over defendants nonresident of the county where the suit is brought, and for whom summons has been issued to another county, those against whom service is had in the former county must have a real and substantial interest in the proceeding adverse to the plaintiff and against whom a substantial relief is sought. The law does not permit the important matter of jurisdiction to be determined by joining colorable or dummy defendants in the case."

Likewise, in the case of Penney v. Bryant, 70 Neb. 127, 96 N. W. 1033, the court said:

"It follows that the defendants, Bryant and Rathsack, are not liable in this action; and, this being so, we do not think the bank may be held. Where a joint liability is asserted against several defendants, in order to maintain an action against one or more of them in a county other than that wherein they reside or are found, the latter are not to be held upon a different and several liability, even though it is disclosed by the pleadings and proofs. Stewart v. Rosengren, 66 Neb. 445."

In this case, the sole predicate of the jurisdiction of the district court of Tulsa county was the liability of the defendant Boling; and when it was determined that Boling was not jointly a tort-feasor as against the plaintiff, the Fishers could not be validly held to individual liability in the Tulsa county tribunal, unless, of course, they may be held to have waived their immunity. This they appear not to have done. They filed a motion challenging the jurisdiction of the court at the very outset of the action. And under the holding of this court, their action in defending the suit was merely under protest and without prejudicing their assertion of the lack of jurisdiction of the court. See Chicago Bldg. & Mfg. Co. v. Pewthers, 10 Okla. 724, 63 Pac. 964, Commonwealth Cotton Oil Co. v. Hudson, 62 Okla. 23, 161 Pac. 535, and Wm. Cameron & Co. et al. v. Consol. School Dist., 44 Okla. 67, 143 Pac. 182.

We believe, therefore, when the jury found that there existed no liability on the part of Boling, the resident, the court had no authority to enter judgment against the Fishers, the nonresidents, upon any individual liability which it may have determined they bore to the plaintiff.

For these reasons, we are of the opinion that the cause should be reversed and remanded, with directions to the court below to dismiss the action as against J. W. Fisher and Roy Fisher without prejudice to any

action brought in any county where they may properly be served with summons. It is so ordered.

JOHNSON, C. J., and KANE, NICHOLSON, COCHRAN, BRANSON, and MASON, JJ., concur.