## TEXAS COMPANY v. TAYLOR et al.

No. 23760.   June 2, 1936.

Rehearing Denied Sept. 29, 1936.

J. H. Hill, John R. Ramsey, B. W. Griffith, Sol H. Kaufman, and Hamilton & Howard (Harry T. Klein, of counsel), for plaintiff in error.

H. M. Curnutt and Holcombe, Lohman & Barney, for defendants in error.

OSBORN, V. C. J. This action was commenced in the district court of Osage county by R. M. Taylor and Carl Taylor, co-partners, as plaintiffs, against the Texas Company, Ernest Lagel, an employee of said company, and numerous other defendants. Plaintiffs sought to recover the sum of $17,739 as damages sustained to 710 head of cattle owned by them. It is alleged that said cattle were injured and damaged by drinking from streams which had been polluted by crude oil, salt water, and other poisonous and deleterious substances. It was alleged that the pollution of the water was caused by the negligent acts of the Texas Company, and other oil operators named as defendants in the petition, in allowing the pollutive substances to escape into the streams which flow through plaintiffs' pasture. The plaintiffs dismissed their action as to a number of defendants, and the trial court sustained a demurrer to the evidence in favor of others, thereby eliminating all of the defendants except the Texas Company and its employee, Lagel. The cause was submitted to the jury, and a verdict was returned in favor of the defendant Lagel, and against the Texas Company, assessing the amount of recovery at $6,000. From a judgment on the verdict, defendant the Texas Company appeals.

It is contended, first, that there was a misjoinder of causes of action. As heretofore stated, a number of persons and corporations who were operating oil and gas leases within plaintiffs' pasture were joined as defendants, and it was alleged that each of them contributed to the pollution of the streams. It is contended by defendant that there was an attempt to join in one cause of action independent and separate alleged torts of more than 20 defendants not acting concurrently and not directly contributing to or resulting in injury to the plaintiffs or their property. The proposition thus raised by defendant was before the court in the recent case of Prairie Oil & Gas Co. v. Laskey, 173 Okla. 48, 46 P. (2d) 484. We quote from the body of the opinion in said case as follows:

"Under the second proposition, the defendants contend that there was a misjoinder of causes of action, and that judgment should not have been rendered against the defendants jointly, as the evidence shows that the Sudik well ran 'wild' on or about April 26, 1930, and the Sigmon well ran 'wild' on May 17, 1930, which wells were on different tracts of land, and there was no common design or concert of action among the defendants. We are of the opinion that there is no merit to this contention. The evidence

shows that oil escaped from the Sudik leases operated by the defendant Indian Territory Illuminating Oil Company all over the area and drained into Crutcho creek, and that oil escaped from the Sigmon lease operated by the Prairie Oil & Gas Company all over the area and drained into Crutcho creek. which creek ran through plaintiff's farm, and said creek on plaintiff's farm became polluted with oil, and a number of trees along said creek on plaintiff's farm died by reason thereof. The separate acts of said defendants in permitting oil to escape from their leases combined to cause the damage to Crutcho creek that ran through plaintiff's farm, and combined to cause the damage to the trees on plaintiff's land, and each is responsible for the entire damage. Northup v. Eakes, 72 Okla. 66. 178 P. 266; Tidal Oil Co. v. Pease, 153 Okla. 137, 5 P. (2d) 389.

"The rule is stated in 45 C. J., par. 476, as follows:

" 'If concurrent negligence of two or more persons combined together results in an injury to a third person, they are jointly and severally liable and the injured person may recover from either or all: the concurring negligence of one is no excuse or defense to another; each is liable for the whole; even though another was equally culpable, or contributed in a greater degree to the injury; no consideration is to be given to the comparative degree of negligence or culpability, or the degree of care owing; and further inquiry as to proximate cause is not pertinent. * * *'

"A number of Oklahoma decisions are cited thereunder in support of said rule. Said rule was also quoted, approved, and followed by this court in the case of City of Skiatook v. Carroll, 163 Okla. 149, 21 P. (2d) 498."

An examination of the cases cited by defendant discloses that in some other jurisdictions the courts adhere to the theory of several liability in case of the pollution of streams by the separate acts of several parties (see note 9 A. L. R. 947), but this court is committed to the theory of joint and several liability, and the trial court did not err in overruling a demurrer to the petition on the ground of misjoinder of causes of action.

The next assignment of error is as follows:

"The record is conclusive that if more than 600 head of plaintiffs' cattle were injured from drinking poisoned and polluted water, the injury resulting to a large number of cattle was caused by other defendants, with no contribution to said injury by this defendant."

Under this specification it is argued that plaintiffs are bound by their pleadings, and having alleged that a number of other defendants contributed to the pollution of the water in their pasture, said plaintiffs are bound by said allegations and cannot now be heard to say that the various other defendants did not contribute to the injury to their cattle. But the allegations of the petition were denied by the defendants, and the evidence failed to show that any of the defendants except the Texas Company were guilty of polluting the plaintiffs' streams. Having denied the allegations of plaintiffs' petition, defendant cannot escape liability upon the mere allegations of said petition in view of the evidence that the defendant company contributed to the injury. See Elliott v. Merchants Bank (Cal. App.) 132 P. 280; Avery v. Chucawal'a Development Co. (Cal.) 166 P. 1002; Mantle v. White, 47 Mont. 234, 132 P. 22; Groth v. Kersting Colo.) 47 P. 393; Mosness v. German-American Ins. Co. (Minn.) 52 N. W. 932; Goldman v. Weisman (Minn.) 143 N. W. 983; Burghar v. Sausele (Minn.) 210 N. W. 869; Delaney v. Kennaugh (Conn.) 136 Atl. 108.

It is next urged that the trial court erred in not holding that arbitration or a bona fide offer to arbitrate within ten days from the alleged injury to plaintiffs' cattle is a condition precedent to the maintaining of a suit on the alleged claim. This involves a construction of an Act of Congress of March 2, 1929, 45 Stat. 1479, amending section 2, 41 Stat. 1249. This identical issue was before the court in the recent case of Indian Territory Illuminating Oil Co. v. C. A. Carter, 177 Okla. 1, 57 P. (2d) 864, wherein it was held that the act of Congress and the regulations promulgated by the Secretary of the Interior authorized by said act relating to arbitration of claims for damages resulting from the use of land in the Osage Nation for oil and gas mining purposes have reference only to damages to land and crops and have no application to a claim for damages to cattle where said cattle were injured by drinking water polluted by said oil and gas mining operations.

Defendant further contends:

"Under the allegations of plaintiffs' petition and under the evidence offered, plaintiffs' cause of action is based upon negligence; the negligence of the defendant is based upon the negligence of the employee and servant, Ernest Lagel; therefore, if the defendant be liable at all, its liability rested upon the principle of respondeat superior; hence the judgment in favor of Ernest Lagel, the servant, is a complete acquittance

of the defendant and is equivalent to a judgment in its favor. * * *

"If the defendant, the Texas Company, be made to respond in damages on account of the acts and faults and negligence of its agent, servant and employee, Ernest Lagel, it is entitled to be indemnified by him. He having been acquitted by the verdict of the jury in this case, the defendant, the Texas Company, is entitled to be exonerated."

It appears that these identical contentions were made in the case of Texas Company v. Alred, 167 Okla. 128, 28 P. (2d) 556, and in answering said contentions this court said:

"The maxim of 'respondeat superior' has no application to a petition charging negligence attributable to the master and its servants, where the petition also charges the master with negligence in permitting salt water to escape from its storage tank and thus polluting a stream in which plaintiff's cattle were injured, since the duty of preventing the salt water from escaping from the master's premises was a nondelegab'e duty."

The allegations and issues of fact in the above case and the instant case are quite similar, if not identical, and the above authority is controlling and decisive of these issues.

Defendant contends that the trial court erred in giving instruction No. 4 to the jury, which instruction is as follows:

"You are instructed that it is the duty of owners of oil mining leases in the operation thereof to construct fences around ponds or tanks used by them for the purpose of storing salt water; and it is their further duty to impound salt water and other refuse from oil wells within said ponds or tanks. And it is a violation of the law of this state for operators of oil mining leases to permit salt water, oil or other deleterious substances to escape therefrom and flow over the surface of the earth into fresh water streams from which stock are accustomed to drink, or to permit salt water or other poisonous substances to escape from their oil mining operations and flow over the surface of the earth into ravines or holes, thereby exposing said liquid to the use of cattle or other livestock being pastured upon said premises. And in this connection, you are told that if you find from a fair preponderance of the evidence, facts and circumstances in proof that the defendants herein, in the operation of their oil mining lease, permitted salt water or other deleterious and poisonous substances to escape therefrom and flow over the surface of the earth into a ravine within the plaintiff's pasture, and that said salt water or other poisonous substances were permitted to stand in pools within said pasture, or that said salt water or other poisonous substances eventually found its way into a fresh water stream from which the plaintiffs' cattle drank, and that plaintiffs' cattle did in fact drink therefrom, and were injured as the proximate result thereof, then and under such circumstances your verdict should be in favor of the plaintiffs in such amount as you find from the evidence, facts and circumstances in proof would fairly reimburse him for the injury sustained, not to exceed in any event the amount claimed in the plaintiff's petition.

"Unless you should so find, it would be your duty to return a verdict in favor of the defendants.

"In this connection, you are further told that it is likewise the duty of the defendants, in the operation of their mining lease, to construct and maintain fences around their ponds or tanks used for impounding salt water; and in this connection, you are told that if you find from a fair preponderance of the evidence, facts and circumstances in proof that the defendants herein failed to construct suitable fences around their salt water tanks for the purpose of preventing the plaintiffs' cattle from entering and drinking from such salt water, that then and in that event the defendants would be liable to the plaintiffs for any damages occasioned from plaintiffs' cattle drinking from salt water or other poisonous substances contained within such pond.

"In this connection, however, you are further told that the defendants herein would only be required to use ordinary diligence and care in maintaining the fence around their salt water ponds. They would not be liable to the plaintiffs for any damages occasioned from the drinking of salt water or o'her poisonous substances from their salt water ponds, provided they used ordinary diligence and care in the construction and maintenance of fences around said salt water ponds."

Defendant complains of that portion of the instruction wherein it is said that it is the duty of the defendant to maintain a fence around its ponds or tanks used for the purpose of storing water and refuse from the oil lease. Defendant relies upon the cases of Peters Pet. Corp. v. Alred, 156 Okla. 249, 10 P. (2d) 705, and Tidal Oil Co. v. Pease, 153 Okla. 137, 5 P. (2d) 389. As po'nted out in the case of Texas Company v. Mosshamer, 175 Okla. 202, 51 P. (2d) 757, these cases are not applicable to a situation where there is a concurrent possession of the premises such as exists in the instant case.

The defendant offered evidence to the effect that fences were built and maintained around the salt water ponds. This evidence

was not controverted by plaintiffs. An examination of the pleadings. the evidence, and the instructions of the court in their entirety discloses that no contention was made that the cattle were injured by drinking water from the salt water ponds. The entire theory upon which plaintiffs seek recovery is that the salt water was permitted to escape and flow over the surface of the land contrary to the provisions of section 11580, O. S. 1931. This theory of recovery was submitted to the jury under other instructions. It does not appear that the giving of instructions regarding the duty of fencing the salt water ponds resulted in any prejudice to the rights of the defendants. The contention of defendant that this cause should be reversed on account of the giving of such instruction is without merit.

Various other contentions are made and argued in the briefs. We have examined said assignments of error, together with the authorities cited, and find no merit in any of them. It is not denied that plaintiffs' cattle were injured, but it is contended that said injuries were attributable to a certain disease. This issue of fact was determined by the jury under proper instructions from the court. The verdict is amply sustained by the evidence. It is not contended that the verdict is excessive.

The judgment is affirmed.

RILEY, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS and PHELPS, JJ., absent.