THOMAS et al. v. DAWSON, County Supt., et al.

No. 30071.   June 10, 1941.

Rehearing Denied July 8, 1941.

*115 P. 2d 136.*

Vilas V. Vernor, of Muskogee, for plaintiffs in error.

J. F. Beavers, of Muskogee, for defendants in error.

PER CURIAM. The plaintiffs in error, hereinafter referred to as plaintiffs, instituted this action against the defendants in error, hereinafter referred to as defendants, by filing a petition wherein they sought by injunction to test the legal existence and the validity of the organization of a union graded school district. The defendants filed, what they denominated, a motion to quash the proceedings but which was, in effect, a demurrer to the petition, and was so treated by the trial court and sustained and the action dismissed. This appeal is from the order sustaining said motion and dismissing the action.

The plaintiffs make but one contention here, which is, in substance, that it was error to sustain the motion of the defendants and to dismiss the action. No authority is cited in support of the contention so made. In the petition the plaintiffs admit that some proceedings had been had for the purpose of establishing a union graded school district, and two of the defendants had been purportedly elected as officers of such district, and that the other defendant was recognizing them as such officers. Plaintiffs sought to restrain two of the defendants from acting as officials of the union graded school district and the other defendant from recognizing them as such. The plain purpose of the petition was to test the legal existence and the validity of the organization of union graded school district No. 5 by injunction. This court is committed to the rule that such proceeding is not permissible. Shore v. Board of Education of Town of Crescent et al., 97 Okla. 273, 223 P. 867; Cheek v. Eye, 96 Okla. 44, 219 P. 883; Chambers v. Walker, 85 Okla. 289, 206 P. 202; Fowler v. Park, 79 Okla. 1, 190 P. 668.

The petition wholly failed to state any facts sufficient to constitute a cause of action in favor of the plaintiffs or either of them against the defendants or either of them. It further showed on its face that the sole justiciable issue involved was one which could not be presented in an action of the nature which plaintiffs sought to maintain, but which could only be presented in an action in the nature of quo warranto prosecuted in the name of the state by its legal representative. State v. Holtzclaw, 151 Okla. 163, 2 P. 2d 1022.

Judgment affirmed.

WELCH, C. J., and RILEY, GIBSON, HURST, and DAVISON, JJ., concur.