KANSAS, O. & G. RY. CO. v. SMITH, Adm'x.

No. 30281.   Jan. 27, 1942.

*125 P. 2d 180.*

O. E. Swan and C. A. Conway, both of Muskogee, for plaintiff in error.

Frank Nesbitt and Nelle Nesbitt, both of Miami, for defendant in error.

RILEY, J. This action was commenced, under the Federal Employers' Liability Act, in the district court of Ottawa county by Montez Smith, as administratrix, herein referred to as plaintiff, against Kansas, Oklahoma & Gulf Railway Company, a corporation, herein referred to as defendant, to recover damages for the wrongful death of plaintiff's decedent, Arch Clyde Smith.

Summons in regular form was issued directed to the sheriff of Ottawa county. The return of the sheriff stated that he served the summons on the defendant named therein, Kansas, Oklahoma & Gulf Railway Company, a corporation, by delivering a true and certified copy thereof, with all the endorsements thereon, to Paul Roberts, station agent for said company in charge of and at its station in Miami, Okla., on November 5, 1938, "after careful search and diligent inquiry I was unable to find the President, Chairman of the Board of Directors or other officer of said company in my county."

In due time defendant filed its special appearance and motion to quash, set aside, and hold for naught the summons and purported service thereof, upon the ground that it was not issued, served, or returned according to law.

The motion was presented to the trial court, and overruled, and defendant saved exception and was given ten days to plead further; whereupon, it filed a motion to strike certain allegations from the petition. The motion to strike was overruled, and defendant filed its answer consisting of a general denial, allegations of contributory negligence, and a plea of assumption of risk.

The cause was tried to a jury, resulting in a judgment for plaintiff, and defendant appeals.

The petition in error sets forth seven specifications of alleged error presented under three propositions.

The first proposition is that the court erred in overruling defendant's motion to quash the summons and return. Plaintiff concedes that the service and return of service neither shows service on the service agent of defendant required by law to be appointed or designated nor that defendant had no duly appointed service agent in Ottawa county, and further concedes that under the record there was no valid service of summons as provided in sections 178, 179, and 180, O. S. 1931, as construed by this court in Kansas, Oklahoma & Gulf Ry. Co. v. Hill, 186 Okla. 531, 99 P. 2d 115. Plaintiff asserts, however, that want of proper service and return of summons cannot, in this case, work a reversal, because "the record clearly shows that defendant has made a general appearance."

In support of this contention plaintiff states that the case was first tried on March 2, 1939, resulting in a verdict and judgment for plaintiff; that defendant then filed a motion for new trial setting forth that the court erred in overruling the motion to quash, and then set forth ten other grounds of alleged error, none of which additional grounds went to the question of jurisdiction over the person of defendant, but related to alleged error in the proceedings subsequent to the order overruling the motion to quash. One of these grounds was error of the court in overruling the motion of defendant to strike a portion of plaintiff's petition, another was "excessive damages appearing to have been given under the influence of passion and prejudice"; that the trial court, without specifying on what ground, sustained the motion and defendant was given a new trial; that the case was tried again

October 16 and 17, 1940, resulting in the verdict and judgment appealed from herein.

The motion for new trial was based upon substantially the same ground as the former motion, including the overruling of defendant's motion to quash the summons and service thereof.

Plaintiff contends that because defendant sought and obtained one new trial on its motion based upon both jurisdictional and nonjurisdictional grounds, without the court's stating specific ground therefor, and on the second trial again sought a new trial on both grounds, the defendant made a general appearance and thereby conferred jurisdiction over its person, even though the summons, service, and return did not show proper service. The courts are divided with respect to the effect of demurrers, motions, or pleading to the merits after special appearance objecting to the jurisdiction of the court over the person of the defendant has been made and the objection has been overruled.

In some jurisdictions it is held that where a defendant appears specially to object to jurisdiction over his person and is overruled, he must elect to stand on his objection or go into the merits of the cause, and if he goes into the merits, his objections are thereby waived. In other jurisdictions it is held that a defendant does not lose the benefit of his attack on the jurisdiction by thereafter answering and pleading to the merits, if he preserves his record and properly saves his exceptions to the order overruling his objections.

On this question the courts appear to be about evenly divided. Fourteen states adhere to the first rule and about thirteen states and the Supreme Court of the United States adhere to the second rule. See 4 Corpus Juris 1365-1366 and annotations (notes 80 to 83).

Oklahoma is included in the jurisdictions which hold that a defendant does not lose the benefit of his special appearance and attack on the jurisdiction by demurrer, or answer by pleading to the merits and going to trial after his objection to jurisdiction has been overruled, if proper exceptions are saved.

There is a long line of decisions to that effect going back as far as Jones v. Chicago Bldg. & Mfg. Co., 10 Okla. 628, 64 P. 7; Bes Line Contruction Co. v. Schmidt, 16 Okla. 429, 85 P. 711; St. Louis-S. F. Ry Co. v. Clark, 17 Okla. 562, 87 P. 430.

There is another rule, however, to the effect that where in the first or special appearance the defendant sets up both jurisdictional and nonjurisdictional grounds there is a general appearance in that the defendant by setting up nonjurisdictional grounds waives the jurisdictional grounds. This appears to be the rule whether the special appearance is filed within the time allowed to plead or after a default judgment has been entered. Ziska v. Avey, 36 Okla. 405, 122 P. 722; Barnum v. J. P. Kennedy, 21 Kan. 181; Neosho Valley Inv. Co. v. Cornell, 60 Kan. 282, 56 P. 475.

Plaintiff contends that by filing its answer, twice going to trial and twice filing a motion for new trial, wherein nonjurisdictional issues or questions were joined with the jurisdictional question, defendant entered a general appearance and thereby waived the defect in the service of the summons.

This question has not been directly passed upon by this court; however, there are a number of cases where the record shows special appearance and adverse ruling, and subsequent pleas including motions for new trial. But in every case where the special appearance and attack on the jurisdiction of the person were held to be good, this court has reversed the judgment without consideration of the other questions raised in the motion for new trial.

The Supreme Court of Kansas, in Shearer v. Farmers' Life Ins. Co., 106 Kan. 574, 189 P. 648, said:

"After the overruling of the motion to quash, the defendant filed a plea in abatement, in which his objections to the service were again presented, to-

gether with additional matter setting out the pendency in Missouri of another action involving the same controversy. Doubtless the allegations regarding the Missouri suit related to a nonjurisdictional issue, and therefore resulted in a general appearance. But as the defendant's objection to the jurisdiction, made upon a special appearance, had already been overruled, no waiver thereof resulted from his then (or at any time thereafter) raising questions of a different character. In this state a defendant who by a properly restricted appearance has objected to the service upon him does not, by thereafter contesting the plaintiff's claim upon its merits, lose his right to have the correctness of the order overruling his objection reviewed upon appeal. Vann v. Railway Co., 103 Kan. 857, 176 P. 652. And the right to contest the claim on its merits without prejudice to a review of the jurisdictional question covers all the steps taken in that regard, including the filing of a motion for a new trial. The allegations concerning the pendency of another suit, although proper to be inserted in a plea in abatement, were no more effective as a waiver than any other matter contained in an answer or elsewhere tending to establish a defense or interpose a bar to the prosecution of the action."

In that case it appears that there was a motion for new trial based upon grounds other than alleged error in overruling the motion to quash. It is stated in the opinion that overruling the motion to quash was not included as one of the grounds of the motion for new trial.

It may be noted that the Kansas court in the Shearer Case, supra, stated that "as the defendant's objection to the jurisdiction, made upon a special appearance, had already been overruled, no waiver thereof resulted from his then (or at any time thereafter) raising questions of a different character," so in this case, although defendant twice contested the claim of plaintiff before a jury, after the trial court had erroneously overruled its motion to quash, it did not waive the jurisdictional question and may present that issue on appeal.

We are not unmindful of the argument often made to the effect that to allow a defendant to contest the jurisdiction over his person unsuccessfully, and thereafter answer or otherwise plead to the merits, go to trial, etc., is to permit him to speculate on what the verdict will be, and if in his favor claim the benefit, but if not in his favor, claim he was not in court. That is to say he was in court for the purpose of trial if the result should be in his favor, but not in court if the verdict should be against him. This argument is plausible, and if the question were an open one, we would be inclined to sustain the rule contended for. But the rule has been followed so long in this state and is so well established it should and will be maintained.

Concluding as we do that the judgment must be reversed because of the error in overruling the motion to quash, it is unnecessary to discuss the other questions presented in the motion for new trial.

Judgment reversed and the cause is remanded, with directions to dismiss the action, without prejudice of the right of plaintiff to commence a new action within one year.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V.C.J., dissents.