GARDNER v. INCORPORATED CITY OF McALESTER.

No. 32143.  Dec. 23, 1946.

Rehearing Denied May 6, 1947.

*179 P. 2d 894.*

Guy L. Andrews, of McAlester, for plaintiff in error.

Robert J. Bell, of McAlester, for defendant in error.

HURST, V.C.J.  On August 17, 1925, Margaret A. Latimer executed and delivered to the city of McAlester a mortgage, covering a certain lot in said city, to secure a note for the principal sum of $2,275 with interest at the rate of 8% per annum, payable semi-annually on the 17th days of February and August in each year. On July 19, 1929, the city, under the acceleration clause, declared the entire indebtedness due, by reason of the failure to pay the interest

and taxes, and filed this action to foreclose said mortgage, making as party defendants Zay Gardner, Margaret A. Latimer, the children of Albert L. Latimer, deceased, naming them, the unknown heirs, executors, administrators, devisees, trustees, and assigns of Albert L. Latimer. Plaintiff alleged that under the will of Albert L. Latimer, which had been admitted to probate and whose estate had been settled, Margaret A. Latimer was the sole devisee of said lot, that Gardner claimed an interest in said lot under a mortgage dated June 2, 1926, and under a quitclaim deed from Margaret A. Latimer dated June 23, 1928, and that the claims of Gardner were inferior to its rights and asked that its mortgage be foreclosed, the heirs of Albert L. Latimer determined, all the defendants barred from any interest or claim to said lot, and that a receiver be appointed. Service was had upon Mrs. Latimer and the children of Albert L. Latimer and his unknown heirs, etc., by publication, the notice having been first published on July 11, 1929. A summons was served upon Gardner on July 10, 1929, by leaving a copy with his wife at his usual place of residence. On July 13, 1929, the court made an order appointing a receiver of the property, but it does not appear from the record that the receiver qualified or took charge of the property. Nothing further was done in the case until October 25, 1943, when the city filed an application for the appointment of a receiver. After the notice of application of appointment was served upon Gardner on November 9, 1943, he filed a pleading denominated a motion to dismiss the action which is as follows:

"Comes now Zay Gardner and respectfully shows to the Court that this cause was filed on June 9, 1929, seeking to foreclose a purported mortgage upon Lot No. 8 in Block 588 in the City of McAlester in Pittsburg County, State of Oklahoma. That your Movant was made party to said action and service was had upon him on the 10th day of June, 1929. Your Movant shows that he is the owner of said property. That he has been in open and notorious possession under a claim of ownership and color of title for more than fifteen years. The other Defendants were alleged to have been nonresidents.

"That he was not indebted to the City of McAlester in any sum. That the petition alleges that Margaret A. Latimer was so indebted and that Harold M. Latimer, Carl Ellis Latimer, Albert *Moxie* Latimer, Mary A. Latimer, Justin R. Latimer, Charles N. Latimer and Carl *Emmitt* Latimer were necessary and proper parties to said action. That Carl Ellis Latimer and Albert *Moxie* Latimer were minors, Albert Moxie Latimer being under the age of fourteen years.

"That under the terms of the notice given to all Defendants, other than this Defendant, the answer day was fixed in said notice to be on the 23rd day of August, 1929. That on the 13th day of July, 1929, a hearing was had, at which time a receiver for said property was named and your Movant was at that time in possession of said property. But after said date, the Plaintiff abandoned this action.

"It failed and refused to proceed with the receivership. It caused no guardian ad litem to be appointed for the minors. It failed and refused to establish any debt or claim against the property in the possession of this Movant or to take any other or further steps relative to that until a notice dated the 25th day of October, 1943, more than fourteen years after the last action had been taken.

"Your Movant was notified to appear for another hearing upon the receivership. Your Movant shows that had the Plaintiff proceeded with its action and established its debt against the Defendant, Margaret A. Latimer, that he could have paid whatever sums that were due and recovered the same in an action against her, but your Movant shows that any petition filed for personal judgment against Margaret A. Latimer because of matters and things involved in this controversy would be barred by the statute of limitations; and your Movant further shows that believing that the action had either been abandoned or that the plaintiff had made an adjustment and settlement with primary debtor, Margaret A. Latimer, he estab-

lished a homestead upon said property about seven years ago.

"That he caused said property to be reconditioned and rebuilt and expended on said property the sum of approximately $4,000.00, which he would not have done had Plaintiff been able to establish its lien again against Defendant, Margaret A. Latimer; and to obtained whatever rights interest, equity and estate the other Defendants might have had in the property, including the interest of the minors hereinbefore named.

"Wherefore your Movant says it has been an unconsciable and unjustifiable delay in the prosecution of said action and that further prosecution would cause your Movant great damage and grievous wrong without fault upon his part; and that the same should be dismissed at the cost of the Plaintiff and that your Movant have judgment for his cost in this behalf laid out and expended."

On December 1, 1944, the city filed a motion for judgment on the pleadings against Gardner alleging the following reasons:

"1. That the motion of said defendant to dismiss is a special proceeding and not authorized by law, or in an action pending.

"2. That said defendant is in default, and has been for more than fifteen years.

"3. That said defendant having been duly and regularly served with summons in said cause is not authorized by law to claim said property by prescription, or limitations of actions.

"4. That said property has never been in custodia legis.

"5. That said defendant has had notice lis pendens, and cannot claim said property as against the plaintiff."

The record does not show that Mrs. Latimer or any of her children filed any answer or pleading in the cause, and the court found that they had filed none. The motion for judgment on the pleading came on for hearing on December 1, 1944, and was sustained. The court found the amount due to be $2,366 with interest provided in the note from August 17, 1926, with taxes due in the sum of $1,135, and decreed that the property should be sold to satisfy said indebtedness and taxes. No evidence was introduced at the time the motion to dismiss and the motion for judgment on the pleadings were heard. Gardner asked leave to amend his motion to allege that he purchased the property through one Rozier R. Hall and that he had no knowledge of the mortgage held by the city. Gardner also asked leave to file an answer in the case and he suggested to the court that no judgment should be entered without evidence being introduced. The court overruled Gardner's motion to dismiss the cause and entered judgment on the pleadings in favor of the city.

On December 28, 1944, the court heard evidence on the plaintiff's application for the appointment of a receiver, and sustained the motion and appointed a receiver, who qualified. Gardner filed no motion to vacate the appointment of the receiver. The matter of foreclosure and the matter of the appointment of the receiver were consolidated by the court for the purpose of appeal, and Gardner has perfected an appeal from both the judgment of foreclosure and the order appointing a receiver.

1. 12 O.S. 1941 §1558 authorizes appeals in receivership cases from the order of the court, or a judge thereof, "refusing to appoint, or refusing to vacate the appointment of a receiver". In Robinson v. Miracle, 146 Okla. 31, 293 P. 211, we held that this section "comprehends all receiverships, all appointments or vacations thereof", and that an order appointing a receiver made after judgment, as here, is not an appealable order. It follows that we cannot consider the appeal from the order appointing a receiver.

2. Gardner argues that he did not have constructive notice of the city's mortgage for two reasons: First, because the acknowledgment was defec-

tive, and second, because it does not appear that the mortgage was actually recorded.

a. The acknowledgment of the mortgage was as follows:

Before me, Roy Caldwell, a Notary Public in and for said County and State, on this 17th day of August, 1925, personally appeared ............... to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed, for the use and purpose therein set forth."

Gardner contends that the omission of the name of the mortgagor in the acknowledgment is fatal to the acknowledgment so that the mortgage was not subject to being recorded and its being recorded did not operate as constructive notice. The law is to the contrary. The prevailing rule is stated in a note in 29 A.L.R. 1002, as follows:

"The weight of authority is that the omission of the grantor's name may be disregarded unless such omission leaves uncertain the identity of the person making the acknowledgment with the person executing the instrument."

See, also, 1 R.C.L. 284; 1 Am. Jur. 364; 1 C.J. 847; 1 C.J.S. 855.

b. The endorsement on the mortgage, as shown by the copy attached to the petition, is as follows:

"This instrument was filed for record on the 18th day of Aug., 1925, at ------, o'clock ʌ m., and recorded in Book 54 of Deed Record, at Page 257. ----------
"Register of Deeds.
"By Deputy."

Gardner contends that this is not a sufficient showing of the recording of the mortgage. We are unable to agree with this contention. 16 O.S. 1941 §16 provides:

"Every conveyance of real property acknowledged or approved, certified and recorded as prescribed by law from the time it is filed with the register of deeds for record is constructive notice of the contents thereof to subsequent purchasers, mortgagees, encumbrancers or creditors."

In Hodges v. Simpson, 89 Okla. 80, 213 P. 737, this court reviewed the authorities and held that under this statute the failure of the recording officer to perform his duty, after the instrument is filed with him for record, does not prevent the instrument being constructive notice. In any event, the record shows that the mortgage was actually recorded and the failure of the county clerk to sign the certificate of recording on the instrument itself did not invalidate the recording of it.

3. The next question is whether the city is guilty of laches, and, if so, whether Gardner is in a position to urge the defense of laches.

a. The city argues that the defenses of laches and estoppel do not apply to the city. The answer to this question is to be found in the capacity in which the city acts or holds property. The rule is that if the property of the city that is involved in the litigation is held in a proprietary capacity, the defenses of estoppel and laches apply to the city the same as to any other litigant. Oklahoma City of Pratt, 185 Okla. 637, 95 P. 2d 596.

The case of Foote v. Watonga, 37 Okla. 43, 130 P. 597, which is relied upon by the city, is not contrary to this view, since the lot there in question was held by the town in a governmental capacity. The record is silent as to the capacity in which the city of McAlester took the mortgage in question. It follows that if it took the mortgage in a proprietary capacity, the defense of laches will apply to it, and if it took it in a governmental capacity, the defense is not available against it.

b. The city contends that since Gardner was in default in his pleadings from 1929 to 1943, he was not permitted to file an answer without leave of court, and that, in any event, the pleading which he filed was not an answer suf-

ficient to raise the defense of laches. The pleading which he did file was filed in response to the application of the city to appoint a new receiver and no effect was made to strike the pleading. Under these circumstances we think the pleading was in the record and should have been considered by the court, and it was, in fact, considered by the court, for the court entered an order overruling the motion.

While the pleading filed was denominated "Motion of the Defendant, Zay Gardner, to Dismiss Cause of Action", we are committed to the rule that "the nature of a pleading is to be determined by the contents thereof and the relief sought, and not necessarily by what the pleader calls it". Johnson v. Williams, 192 Okla. 163, 134 P. 2d 584. The city argues that the motion was in effect a demurrer. The allegations contained in the motion were in effect a plea of laches and would have been as appropriate in an answer as in a motion and the court should have so treated it.

c. The rule is that "laches may consist not only in negligently instituting suit, but, under some circumstances, also in negligently prosecuting it after it has been begun." Dardenne v. Daniels, 176 Okla. 557, 56 P. 2d 793. To the same effect, see Skinner v. Scott, 29 Okla. 364, 118 P. 394; Baker v. Deichman, 185 Okla. 452, 94 P. 2d 246. This rule prevails generally throughout the country. 19 Am. Jur. 340; 21 C.J. 215; 30 C.J.S. 530; 43 A.L.R. 921, note.

The judgment appealed from was entered on the pleadings and without the introduction of any evidence. Before judgment was rendered, Gardner asked leave to file an answer which was denied.

We are of the opinion, and hold, that the court committed error in rendering judgment on the pleadings. The pleading, which should have been treated as an answer, stated the elements constituting laches—delay coupled with injury. The city argues that if it was guilty of laches, Gardner was also guilty of laches in failing to plead or answer. But the city was the moving party and had the burden of going forward with its case. Since it permitted the case to lie dormant for some 14 years after it was filed and some 13 years after the mortgage became due, we think it has the burden of excusing the delay. See Skinner v. Scott, 29 Okla. 364, 118 P. 394; 21 C.J. 254; 30 C.J.S. 560; Pomeroy's Equity Jurisprudence (4th Ed.) §1441.

The rule is that "even where the delay in prosecuting is not sufficient to constitute a bar, yet the court may consider it in determining what relief shall be granted". 30 C.J.S. 530; 21 C. J. 216.

Judgment reversed, with directions to permit the parties to make up the issues and proceed not inconsistent with the views herein expressed.

GIBSON, C.J., and OSBORN, CORN, and DAVISON, JJ., concur. RILEY, BAYLESS, and WELCH, JJ., dissent.