**BINGHAM et al.   v.   WILLIAMS.**
No. 35258.

Supreme Court of Oklahoma.
Dec. 8, 1953.

Maurice F. Ellison, Tulsa, Hamilton & Kane, Pawhuska, for plaintiffs in error.

Frank T. McCoy, and John T. Craig, Pawhuska, for defendant in error.

WILLIAMS, Justice.

Parties are referred to herein as in the trial court.

This action was brought by Emmett O. Williams against the defendants, C. A. Bingham, S. W. Collins and Clarence Rake, to recover damages caused by pollution of fresh water on the half-section farm and pasture occupied by plaintiff, the ag-. ricultural tenant, by salt water, oil and other deleterious substances from two adjoining quarter section oil leases, separately owned and operated by Bingham and Collins, covering the same lands comprising plaintiff's agricultural lease. Defendant Rake was the pumper on the Bingham lease. A jury trial resulted in a verdict

for plaintiff against the defendants Bingham and Collins only, and they have duly appealed. Plaintiff did not appeal from the verdict and judgment in favor of Rake.

This suit was originally brought in the District Court of Osage County against Bingham and Collins, who live in Tulsa County. Summons was returned "not found", and thereafter an amended petition was filed including Rake as a defendant. Rake also lives in Tulsa County, but was working in Osage County at the time of filing, and was personally served with summons there. Another summons was then issued for Bingham and Collins, and they were served in Tulsa County.

In their brief, defendants present several alleged errors in the court below; two of these we deem controlling in this case, and we will therefore consider them together and disregard the others.

■ In this case, the first pleadings filed by defendants were identical ordinary motions to quash service of summons. These motions were inadvertently overruled in the absence of attorneys for defendant, and, according to the briefs, contrary to the rules (observed though not written) of the district court. Thereafter the court, upon oral suggestion of defendants' counsel, entered an order vacating the order overruling such motions, and defendants, Bingham and Collins, then filed identical amendments to their motions, expanding and explaining them, and raising the question of the jurisdiction of the court over the respective defendants. No non-jurisdictional matters were pleaded. It is elementary that the court's vacation of the prior order in term time was within his sound discretion, and that pleadings are to be liberally construed with a view to substantial justice between the parties; 12 O.S.1951 § 293. We take the view, then, that the first pleadings filed by defendants, as amended, raised the jurisdictional question, and when they were overruled, proper exceptions were saved.

The substance of defendants' two propositions above referred to is that when the jury returned a verdict in favor of the resident defendant, under the facts in this case the court erred in proceeding to pronounce judgment for plaintiff upon the verdict against the two non-resident defendants.

■ It is well settled law that a suit against two or more joint tort-feasors may be prosecuted in any county in which service may be had on any one of them, and that the others may be joined; this is obviously the theory under which plaintiff was proceeding in this case. Here the non-resident defendants objected to the court's jurisdiction, their objections were overruled, exceptions were properly saved, and they then proceeded to the defense of the suit brought against them. A similar situation existed in Fisher v. Fiske, 96 Okl. 36, 219 P. 683, 685. Therein the court said, in the body of the opinion:

"In this case, the sole predicate of the jurisdiction of the district court of Tulsa county was the liability of the defendant Boling; and, when it was determined that Boling was not jointly a tort-feasor as against the plaintiff, the Fishers could not be validly held to individual liability in the Tulsa county tribunal, unless, of course, they may be held to have waived their immunity. This they appear not to have done. They filed a motion challenging the jurisdiction of the court at the very outset of the action. And, under the holdings of this court, their action in defending the suit was merely under protest and without prejudicing their assertion of the lack of jurisdiction of the court. * * *

"We believe, therefore, when the jury found that there existed no liability on the part of Boling, the resident, the court had no authority to enter judgment against the Fishers, the nonresidents, upon any individual liability which it may have determined they bore to the plaintiff."

■ It is apparent that the above rule is not applicable in situations where the non-resident defendants have waived their objections to the jurisdiction of the court. Plaintiff herein argues vigorously that the non-resident defendants herein did so waive their objections for several reasons.

The first reason assigned is that the motion to quash was not entitled "special appearance" and therefore constituted a general appearance. In support of this argument, plaintiff cites Drennan v. Warburton, 33 Okl. 561, 122 P. 179, 180, to the effect that "an appearance, in order to be special, must be shown to be such by a proper designation and entitlement." While it is true that this ruling has never specifically been overruled, much later decisions of this court follow the more liberal rule that the substance, instead of the form, of a pleading will control in its construction. See Jameson v. Harvel, 139 Okl. 39, 280 P. 1080, 1081, wherein the court said:

"Whether an appearance is general or special does not depend upon the form of a pleading, but upon its substance."

See also Danzinger v. George W. Ralls Co., 144 Okl. 1, 288 P. 975; Thomas v. Dawson, 189 Okl. 193, 115 P.2d 136; Gardner v. Incorporated City of McAlester, 198 Okl. 547, 179 P.2d 894; and 3 Am.Jur. Appearances, sec. 4.

Plaintiff also argues that the separate motions to quash as amended invoked the judgment of the court and therefore were general appearances. He says that each such motion challenged the sufficiency of the petition to (1) state a cause of action against the resident defendant, (2) state a joint cause of action against the defendants, and (3) state a joint cause of action by alleging that each defendant was sued severally. It is evident that if any one of these allegations was true—that is, if no cause of action was pleaded against the resident defendant, or if no joint cause of action was pleaded at all—under well established principles of law in this state, *the court did not have jurisdiction over the non-resident defendants.* The argument is therefore patently without merit because each motion was in essence an attack on the jurisdiction of the court and not an attack upon the sufficiency of the petition so as to constitute general appearance. Also each motion, as amended, by

its own terms was stated to be an attack on the court's jurisdiction.

Plaintiff next argues that by filing motions to dismiss, to strike, and to make more definite and certain, defendants submitted to the jurisdiction of the court by asking for affirmative relief and therefore waived their objection. But by the terms of the court's ruling in Fisher v. Fiske, supra, " * * * under the holdings of this court, their action in defending the suit was merely under protest and without prejudicing their assertion of the lack of jurisdiction of the court." Also, this court has held contrary to plaintiff's contention in a substantially similar situation in Kansas, O. & G. R. Co. v. Smith, 190 Okl. 103, 125 P.2d 180, wherein it was said:

"Where a defendant files a special appearance objecting to the service of summons, and raises no other question therein, and the objection is overruled and exceptions are saved, he does not lose the right to have the overruling of his objections reviewed on appeal by afterwards pleading to the merits, going to trial, and upon adverse verdict, presenting motion for new trial wherein the jurisdictional and non-jurisdictional matters are united or by contesting plaintiff's claim on the merits, nor does he lose such right by resisting plaintiff's claim on the merits again, after successful motion for new trial on the first verdict, uniting jurisdictional and non-jurisdictional matters in a motion for new trial on second adverse verdict."

In the body of the opinion from which the above syllabus is taken, the court said:

"The courts are divided with respect to the effect of demurrers, motions or pleading to the merits after special appearance objecting to the jurisdiction of the court over the person of the defendant has been made and the objection has been overruled. * * *

"Oklahoma is included in the jurisdictions which hold that a defendant does not lose the benefit of his special appearance and attack on the juris-

diction by demurrer, or answer by pleading to the merits and going to trial after his objection to the jurisdiction has been overruled, if proper exceptions are saved."

In the above case, as in the case at hand, defendant filed various motions, including motion to strike and motion for new trial.

We therefore hold that defendants herein did not waive their objection to the jurisdiction by filing the motions referred to.

■ That this should be the rule, is apparent when it is considered that defendants herein had a perfect right, if not a duty, to proceed to their own defense when the objection to the jurisdiction was overruled. It is elementary that any defendant has a right to have redundant or immaterial matter stricken from a petition, to have an indefinite petition made more definite and certain, and to move for a dismissal if the facts and pleadings warrant such motion. We believe these are essentially defensive matters and should not be held to constitute motions for "affirmative relief" in the sense that a request for affirmative relief constitutes a general appearance waiving all objections to the court's jurisdiction, especially where the pleadings as a whole reveal an intent to preserve such objections.

■ The pertinent facts in this case, then, are as follows: plaintiff sued one resident and two non-resident defendants; the non-resident defendants properly objected to the jurisdiction of the court over their persons, their objections were overruled and exceptions were properly saved; they thereafter filed certain motions under circumstances not amounting to a general appearance and proceeded to their own defense, saving their objections to the jurisdiction in their separate answers; the jury found for the resident defendant and against the non-resident defendants, who immediately objected to the pronouncement and filing of judgment against them for the reason that the jury had exonerated the resident defendant; their objections were overruled and judgment pronounced accordingly; plaintiff did not appeal from the judgment in favor of the resident defendant, which has become final, and the non-resident defendants did appeal from the judgment against them.

The finding of the jury in favor of the resident defendant herein affirmatively established the fact that no cause of action existed as against him; therefore, no joint cause of action existed as to the resident and non-resident defendants, and they were not joint tort-feasors. Such being the case, the following rule from Fisher v. Fiske, supra, applies:

"* * * But, in order to give the court jurisdiction over joint defendants who are non-residents of the county where the suit is brought, and for whom summons have been issued to another county, the averments of the petition *and the proof on the trial* must show that the plaintiff has a valid joint cause of action against the resident defendants, on whom valid service is had, as well as against the non-resident defendants." (Emphasis supplied.)

The judgment of the trial court is therefore reversed and this cause is remanded, with directions to dismiss the action as to the non-resident defendants.

HALLEY, C. J., and WELCH, ARNOLD and BLACKBIRD, JJ., concur.

DAVISON, J., concurs in result.

JOHNSON, V. C. J., and CORN and O'NEAL, JJ., dissent.

DAVISON, Justice (specially concurring).

Although I concur in the result reached by the majority of the court in the opinion adopted in the above styled and numbered cause, and, although I am not in disagreement with the general line of reasoning therein, I am firmly of the opinion that the trial court had no jurisdiction over the non-resident defendants, ab initio. I think the motion of the defendants to quash issuance and service of summons, based upon jurisdictional grounds, should have been sustained prior to trial, and, for that reason, I feel that I should give the reasons for that conclusion.

Succinctly stated, the facts are that the plaintiff, Emmett O. Williams, by his petition, alleged that the defendants, Bingham and Collins, were oil and gas lessees of adjoining tracts of land from which oil was being produced; that defendant Rake was the pumper and immediately in charge of the lease; that plaintiff had suffered damage by oil, salt water and other deleterious substances being allowed to flow over his lands in violation of 52 O.S.1951, § 296. It was further alleged that it was the duty of each of the three defendants to prevent the escape of said substances. The action was filed in Osage County, wherein Rake was served with summons. Bingham and Collins were served in Tulsa county, the county of their residence. Therefore, if the amended petition did not state a cause of action against Rake, the venue was in the county where service of summons was had on the other defendants, and the Osage county court had no jurisdiction over the subject matter or the defendants. In my opinion, no such cause of action was stated.

In the recent case of Summers v. Williams, 206 Okl. 164, 242 P.2d 139, a petition, essentially the same as the one here, was held not to state a cause of action against the pumper. It was there said:

"* * * It is not alleged that he was responsible for the small size of the pits into which the salt water was run or that he had any responsibility or duties whatever in connection therewith, except to pump the salt water from the wells into the pits. * * *"

There being no reason therefor in the reported case, the underlying reasons for the conclusion were not discussed in detail. I think they should be here pointed out. Whenever the question has been presented, this court has uniformly held that the duty imposed by 52 O.S.1951 § 296, is upon the lessee or owner of the oil and gas wells and is non-delegable. Indian Territory Illuminating Oil Co. v. Graham, 174 Okl. 438, 50 P.2d 722. It was further held in the last cited case, that, where the master and servant are both sued, the master is liable because of failure to discharge a duty placed upon him by the statute and not by

reason of the doctrine of respondeat superior. That holding was in harmony with, and founded upon, the opinion in the case of Texas Company v. Alred, 167 Okl. 128, 28 P.2d 556. To the same effect is the opinion in the case of Texas Company v. Taylor, 178 Okl. 21, 61 P.2d 574.

In no case, however, have we been presented with the proposition of what facts are necessary to be alleged and proved to fix a liability upon the servant or employee of the oil well owner, because of the provisions of the statute. In each of the reported cases, the verdict of the jury has been in favor of the employee and the judgment thereon as to his liability was not appealed from. The closest approach to the question was in the case of Franklin Drilling Company v. Jackson, 202 Okl. 687, 217 P.2d 816, 819, 19 A.L.R.2d 1015. In that case, it was held that where an independent drilling contractor was employed by the lessee to drill the well, both the lessee and the contractor were liable for a violation of the statute. The contractor was held liable because he had charge of the operations. In other words, he could choose the tools, the equipment and the method used in obtaining the result contracted for. An employee, in the position of Rake in the case at bar, has no choice as to either tools, equipment or method. In order to state a cause of action against a mere employee of a lessee for violation of the statute, it is necessary to state facts sufficient to impose a duty upon such employee personally to prevent the escape of the deleterious substances.

The primary duty is by the statute placed upon the lessee or owner of the well who cannot delegate that duty to an employee. Therefore, the employee of the well owner does not share that duty, merely because of the employment, any more than the employer is responsible by reason of the theory of respondeat superior. The statutory duty, a violation of which is negligence per se, has no connection with negligence generally for there is liability "for the damages resulting from such violation of the statute without proof of specific acts of negligence." Franklin Drilling Co. v. Jackson, supra.

In the case at bar, the amended petition contained no allegation of facts which placed the duty, imposed by the statute, upon the employee, Rake, individually. For that reason it did not state a cause of action against him. It follows that the venue of the cause of action against the other defendants was in the county where service of summons could be had on them or either of them. That being Tulsa county, the District Court of Osage County had no jurisdiction over them. I, therefore, think that the trial court should have sustained the defendants' motion to quash when the question of jurisdiction was first raised.