W. A. YOUNG et al., Plaintiffs in Error,

v.

Juanita KIRK, County Treasurer of Okmulgee County, State of Oklahoma, Defendant in Error.

No. 36151.

Supreme Court of Oklahoma.

June 7, 1955.

Rehearing Denied Jan. 31, 1956.

G. R. Horner, Okmulgee, for plaintiffs in error.

Edgar R. Boatman, County Atty. of Okmulgee County, Okmulgee, for defendant in error.

JACKSON, Justice.

On November 25, 1940, the owners of the Street Improvement Bonds of Street Improvement District No. 52 in the City of Okmulgee, brought a mandamus action in the Superior Court of Okmulgee County against the then County Treasurer, E. L. Roberts, for a writ of mandamus directing the County Treasurer to advertise and sell at the annual tax resale, all of the lots in said District against which there remained any unpaid installments on street improvement levies.

The bonds in question, dated August 15, 1922, were issued under authority of Chapter 10, Article 12, Oklahoma Revised Laws of 1910, and were payable on or before ten years from date.

In that case the trial court granted a peremptory writ of mandamus directing the County Treasurer to advertise and sell at the next annual resale for taxes to be held in Okmulgee County on the second Monday in May, 1941, all of the lots involved. The County Treasurer appealed from that judgment to the Supreme Court (No. 30373) and the judgment of the trial court did not become final until that appeal was dismissed by stipulation on June 4, 1942, which was after the date fixed in the writ for the tax resale. The record does not disclose that an alias writ was applied for and none was issued.

Neither Mr. Roberts, nor his successor in office, who is the defendant in this action, has sold any of the property in said District No. 52, except two lots which were sold in the 1950 tax resale.

On March 22, 1950, one of the owners of some of the bonds involved herein filed a new action in the Superior Court of Okmulgee County seeking a writ of mandamus directing the County Treasurer to sell the lots in this district at tax resale. That action was dismissed before judgment was rendered.

The present action was commenced in the District Court of Okmulgee County on March 5, 1952. Some of the parties plaintiff in this action were not parties plaintiff in the previous actions, but the same bonds and the same property in Improvement District No. 52 are involved and here, as in the previous actions, the plaintiffs sue for a writ of mandamus directing the County Treasurer, to advertise and sell at tax resale the lots in said district on which there remains unpaid installments on the special levies for street improvements.

In this case the District Court denied the writ and plaintiffs bring this appeal.

It was contended by the defendant that long previous to the commencement of this action, the lien of the unpaid street improvement bonds in said District No. 52 had expired, and the remedies for the enforcement of said lien had ceased to exist and had been lost by laches.

By the provisions of 11 O.S.1951 § 242, which was enacted and became effective May 12, 1939, the liens securing payment of these bonds would expire and any action on the bonds would be barred after December 1, 1940, except for the provision in the act that "the holder of such bonds shall have until December 1, 1940, in which to pursue his remedy or obtain the benefits of this Act."

Plaintiffs contend that since there was a mandamus action commenced before December 1, 1940, the limitation of action contained in the 1939 Act is not applicable to these bond owners, because the Act plainly says in effect that the bringing of an action of mandamus prevented the Statute of Limitations from commencing to run.

Why the plaintiffs elected to file a new action for a writ of mandamus instead of attempting to enforce a writ that had previously been granted in another action for the same purpose, is not clear to the court. Such procedure, so far as we have been able to determine, is without precedent.

■ If this is an original action commenced pursuant to the remedy afforded the bondholders in such cases of enforcing tax resales, it is clearly barred by the 1939 Act, because it was not commenced prior to December 1, 1940.

But it appears to be the theory of plaintiffs that they can, by this mandamus proceeding, force obedience to the writ granted in the former action which was commenced prior to December 1, 1940. It is argued in plaintiffs' brief that no Statute of Limitations can apply to a special proceeding providing a remedy by tax sale and resale. The ultimate conclusion to this line of reasoning would be that since a valid writ had been granted in the prior action, and since it is not affected by a Statute of Limitations, such writ is still enforceable and may be enforced by this new action.

■ We agree that the time within which a writ of mandamus may be enforced is not governed by a Statute of Limitations. But it is a settled rule that the right to proceed by mandamus may be lost by laches. If plaintiffs here have lost whatever rights they had under the writ granted in the prior action, then this action is barred by the Statute of Limitations. It is our opinion that such rights have been lost.

It was the intent of the Legislature by the enactment of the Act of 1939, to provide a statute of limitations on both the right and the remedy with respect to retirement of Street Improvement Bonds where no such limitation theretofore existed. In Baccus v. Banks, 199 Okl. 647, 192 P.2d 683, this court held that Act constitutional. In that case the court also recognized the rule that where a Statute of Limitations is enacted, a reasonable time must be allowed, after the effective date of the Act, for commencing proceedings in accordance with an available remedy which, by the terms of the Act, would be barred, and it was further held that the time allowed by the 1939 Act, May 12, 1939, to December 1, 1940, was reasonable.

It was not intended by this Act, however, that a writ of mandamus issued by the court would give perpetual life to a right and a remedy which the Legislature intended to extinguish by limitations, without any attempt being made to enforce the writ for a long period of time. Such an interpretation of the Act would defeat its purpose.

When the writ of mandamus first issued by the Superior Court in November, 1940, became final June 4, 1942, the County Treasurer could not advertise and sell the property at tax resale until the second Monday in May, 1943, the date fixed by statute for holding tax resales. 68 O.S.1951 § 432. If it could be said that the County Treasurer was under no duty to comply with the writ which directed such sale in May, 1941, the bond owners were not without recourse. It would have been the duty of the Superior Court, upon proper application therefor, to issue an alias writ directing that the sale be held in May, 1943. But, as has already been stated herein, no application was made for an alias writ.

The plaintiffs' rights would not be affected by a change in the office of County Treasurer, because by provisions of 12 O.S.1951 § 1079, a succeeding County Treasurer would be amenable to a mandamus proceeding against her predecessor in office.

The County Treasurer would be subject to citation for contempt of court for failure to advertise and sell the property as directed by a valid and enforceable writ of mandamus. 12 O.S.1951 § 1462, and this would be true even though there had been a change in the office of County Treasurer. But the bond owners did not apply to the court for a contempt citation. No action has been taken by them to enforce the writ of mandamus obtained by them on June 4, 1942. Almost ten years later this new action was filed seeking a writ of mandamus and the claim is made by the plaintiffs that their rights have been preserved by the writ granted in the former case which they never attempted to have enforced. We do not agree with plaintiffs' theory.

■ We hold that whatever rights plaintiffs had under the writ granted in 1942 have been lost to them through laches.

This court has recognized the rule that equity aids the vigilant. Luschen v. Stanton, 192 Okl. 454, 137 P.2d 567. .

This court has also held that laches may consist in lack of diligence in prosecuting an action as well as in instituting it. Gardner v. Incorporated City of McAlester, 198 Okl. 547, 179 P.2d 894.

The failure of the plaintiffs for such a long period of time to take effective measures available to them to compel obedience to the writ is an unexcused delay and constitutes laches.

The judgment of the trial court is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON and HALLEY, JJ., concur.